ESTATE OF SMITH: SMITH, Executrix, Respondent, vs. THE STATE and another, Appellants.

*November 16—December 7, 1915.*

*Taxation: Inheritance tax: Allowance to widow: Construction of statutes.*

1. An allowance made to a widow, pursuant to sub. (2), sec. 3935, Stats. 1913, for her support and that of the children pending the administration of the estate of her deceased husband, is neither an inheritance nor a gift from the deceased made in contemplation of death and is not subject to an inheritance tax.

2. There is no "transfer" of such allowance, within the meaning of that word as used in secs. 1087—1 to 1087—24, Stats.

3. The rule that weight should be given by the courts to the construction of a statute by the officers or department whose duty has been to execute it, does not apply where there is no ambiguity in the statute; nor does it apply to the erroneous rulings of inferior tribunals so as to control or affect the decision of the superior tribunal having by law the power and duty to review directly such rulings.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court affirming the order of the county court of Milwaukee county.

For the appellants there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *Winfred C. Zabel,* district attorney for *Milwaukee County,* and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McManamy.*

TIMLIN, J.    The *State* and the *County of Milwaukee* appeal from a judgment refusing to charge an inheritance tax upon the transaction of giving and receiving an allowance to the widow for her support and that of the children pending the administration of the estate, under sub. (2) of sec. 3935, Stats. 1913.    Sec. 1087—1, Stats. 1913, imposes an inheritance tax "upon any transfer of property, . . . when the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state, . . . or a nonresident leaving property within the jurisdiction of the state, . . . or when the transfer is by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death," . . . or when the transfer is by exercise of a power of appointment. . . . "The tax so imposed shall be upon the clear market value of such property . . . and only upon the excess of the exemptions hereinafter granted."    Sec. 1087—24 defines the word "property" as used above to mean "the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor or donor passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, vendees or successors, and shall include all personal property within or without the state."    Also: "the word transfer, as used in sections 1087—1 to 1087—24, inclusive, shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest,

grant, deed, bargain [and] sale, gift or appointment in the manner herein prescribed. . . ."

The allowance to the widow is not: First, a transfer by will or by the intestate laws of this state from any person. Second, the property in question is not transferred to the widow as legatee, devisee, heir, next of kin, grantee, donee, vendee, or successor, but by order of the court acting under a statutory power and for the purpose of supporting herself and her children. Third, there has been no *transfer* in the sense of "passing . . . property . . . by inheritance, descent, devise, succession, bequest, grant, deed, bargain [and] sale, gift or appointment." It seems very obvious that the transaction in question here is not covered or described by any or all the words of the statutes referred to.

It is argued that the exemptions from the inheritance tax in case of property going to the widow are sufficiently liberal and are exclusive, and that this exemption should not, either upon equitable grounds or upon a fair construction of the exemption statute, be allowed to the widow. But this is not an exemption from a tax. It is a transaction upon which the legislature has imposed no inheritance tax on the broad ground that it is neither an inheritance nor a gift from the deceased made in contemplation of death.

It is further contended that the state tax commission has placed upon the statutes above referred to such construction as to include this allowance among the transfers subject to inheritance tax. It is said that weight should be given to this ruling of the department in construing the statute. But this argument fails on two grounds: (1) The rule referred to does not apply where there is no ambiguity in the statute but its provisions are clear and unmistakable as to the subject under examination. *Lawrence Univ. v. Outagamie Co.* 150 Wis. 244, 136 N. W. 619. (2) This rule does not apply to the erroneous rulings of inferior tribunals so as to control or affect the decision of the superior tribunal having by law the power and duty to review directly such rulings. *Ibid.*

In view of the plain language of the statute it seems unnecessary to refer to precedents outside of the state, but we preserve the following: *Estate of Kennedy,* 157 Cal. 517, 108 Pac. 280, 29 L. R. A. N. s. 428; *Crenshaw v. Moore,* 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. N. s. 1161.   Compare *Billings v. People,* 189 Ill. 472, 59 N. E. 798.

*By the Court.*—Judgment affirmed.