In re WILSON'S ESTATE. STATE BOARD OF EQUALI-
ZATION, Appellant, v. MARTHA WILSON, Execu-
trix, Respondent.

(No. 7,497.)

(Submitted March 5, 1936. Decided April 8, 1936.)

[56 Pac. (2d) 733.]

180

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Jeremiah J. Lynch,* First Assistant Attorney General, for Appellant, submitted a brief; *Mr. Lynch* argued the cause orally.

*Messrs. Gilbert, Gilbert & McFadden,* for Respondent, sub-
mitted a brief; *Mr. Theo. F. McFadden* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

Charles Wilson, of Beaverhead county, died October 23, 1933, leaving a will disposing of an estate appraised at $97,149.80. His wife, the defendant, was made executrix under the provisions of the will and is the sole beneficiary. In due course the defendant applied to the court for, and was granted, an allowance of $300 per month under the provisions of section 10146, Revised Codes of 1921. Under such arrangement defendant was paid $3,600 out of the estate. In July, 1935, the executrix filed her final report and petitioned the court to fix the inheritance tax. In such report the executrix claimed, and the court allowed, disbursements for various expenditures incident to the administration of the estate in the amount of $17,776.75.

The allowance of $3,600 mentioned above was included in these disbursements approved and allowed by the court. When the matter came on for hearing in the district court to determine the amount of the clear market value of the estate upon which the inheritance tax should be computed, the State Board of Equalization contested the allowance of the $3,600. The board contended that the $3,600 allowance should be included in and made a part of the $17,500 exemption allowed the widow under subsection (2) of section 4 of Chapter 65, Laws 1923. Counsel for the defendant contended the allowance to the widow pending the administration of the estate was an amount to which defendant is entitled under the statutes and has nothing to do with an inheritance tax on property passing by will or under the intestate laws. The district court held the widow's allowance not subject to the inheritance tax laws and entered judgment accordingly. From that judgment the State Board of Equalization appealed. The only question, therefore, to be determined here is as to whether or not the widow's allowance granted by the court pursuant to the provisions of section 10146, supra, is subject to the inheritance tax.

In an endeavor to get at the legislative intent on the subject of inheritance tax laws of this state, we deem it essential to review the history of the various enactments on the subject and to point out the provisions in such Acts that are pertinent to the question involved here. The first Act on the subject was House Bill No. 128, of the Fifth Session, Laws 1897 (page 83). That Act contained no specific exemptions in favor of the widow or any other particular party, but it did provide that when the estate was valued at less than $7,500 no tax should be levied on any bequest passing to the widow and certain other enumerated near relatives of the decedent. When the estate was worth over $7,500 such relatives were taxed at the rate of $1 on each $100. Any other beneficiaries who did not come within the group of near relatives named in the statute were taxed at the rate of $5 on each $100 of the estate in excess of $500. The executor or administrator of the estate was required to deduct the tax from the amount bequeathed to each benefi-

ciary. The 1897 Act was incorporated in the Revised Codes of 1907 as sections 7724 to 7751, inclusive.

With the exception of some amendments, not pertinent here, no changes were made in the law until the Extraordinary Session of 1921 enacted Chapter 14, and repealed the old law in its entirety. The 1921 law has many features of the Wisconsin law that was in effect at that time, and that law was no doubt used as at least an outline of our 1921 enactment. Prior to 1921 no specific statutory exemption had been provided in favor of the widow in computing the tax, but a provision was made in the 1921 law exempting the specific sum of $10,000 passing to the widow by will or the intestate laws. Subsection 2 of section 4 of the 1921 law, in providing for such exemption of $10,000, contained this sentence: "Exemption to the widow shall include her dower and homestead rights." In 1923, subsection (2) of section 4 was amended increasing the widow's exemption to $17,500, and changing the above-quoted provision to, "Such exemption to the widow shall include all her statutory dower and other allowances." This is the present law.

In the case of *In re Blackburn's Estate*, 51 Mont. 234, 152 Pac. 31, decided September 30, 1915, eight years prior to the 1923 amendment, cited by defendant, this court said: "The only property of the deceased which it is claimed could be subject to the inheritance tax is that which 'shall pass by the inheritance laws of this state'; but the effect of the orders is to tax the amounts paid and due the widow for her family allowance. Moneys paid out of an estate for family allowance do not pass by the inheritance laws of this state; they are charges against the estate created by special statutes in the interest of public policy. [Citing cases.] Again, the inheritance tax is not an imposition upon the estates of decedents; it is 'a duty imposed by the state upon the right to receive property by testamentary disposition or succession, or by any deed or instrument to take effect at or after death.'" (Citing cases.) It must be kept in mind that this decision was rendered under the old law of 1897, which provided no specific exemption for the widow.

In 1915 the supreme court of Wisconsin in the case of *Estate of Smith* v. *State*, 161 Wis. 588, 155 N. W. 109, 110, said: "The allowance to the widow is not, first, a transfer by will or by the intestate laws of this state from any person; second, the property in question is not transferred to the widow as legatee, devisee, heir, next of kin, grantee, donee, vendee, or successor, but by order of the court acting under a statutory power and for the purpose of supporting herself and her children; third, there has been no transfer in the sense of 'passing property by inheritance, descent, devise, succession, bequest, grant, deed, bargain and sale, gift or appointment.' It seems very obvious that the transaction in question here is not covered or described by any or all the words of the statutes referred to." In 1917 the legislature of that state enacted Chapter 319 changing the law relating to widows' exemption, by adding to the former law the following: "Such exemption to the widow shall include all her statutory and other allowances." It will be noted that this amendment to the Wisconsin law is, with the exception of the word "dower," in the exact wording of the amendment made in 1923 to our law. The *Smith Case* in 161 Wis., supra, arose out of a contention by the State Tax Commission that the family allowance was subject to the inheritance tax. We find no case where the Wisconsin law has been construed by the courts of that state since the 1917 amendment, but by reason of the amendment being made at the first succeeding session of the assembly after the decision in the *Smith Case*, it would appear obvious that the amendment was intended to change the law to conform with the contentions of the commission and allow no exemptions except those specifically enumerated in the inheritance tax statute of that state.

The question before us is dealt with in 37 A. L. R. beginning on page 541. The cases grouped there deal with dower and statutory substitutes, provisions in lieu of dower, statutory allowances and miscellaneous provisions. It is there stated that it is generally held that the statutory allowance for the support of the widow is not subject to an inheritance tax and cases are cited from California, Minnesota, Montana, Tennessee and Wis-

consin. The cases cited from Montana and Wisconsin are the *Blackburn* and *Smith Cases,* heretofore mentioned. In searching the statutes of the other states mentioned, we find no provision in the laws of any of them similar to the Montana and Wisconsin amendments quoted. In California the present law allows the widow a $24,000 exemption from the inheritance tax. Regardless of what the law may have been in California at the time of the 1910 decision, cited in 37 A. L. R. 545 (*In re Kennedy's Estate,* 157 Cal. 517, 108 Pac. 280, 29 L. R. A. (n. s.) 428), the legislature of that state in 1925 expressly provided that thereafter family allowance should be subject to the inheritance tax; and we find that the modern trend is to restrict exemptions to those specified in the inheritance tax laws, independent of any allowances referred to under other statutes, such as dower and homestead provisions. In Montana the widow is granted the very liberal allowance of $17,500, against which no inheritance tax is levied, and we believe that was all the legislature intended she should take tax free.

As was heretofore said, the decision in the case of *In re Blackburn's Estate,* supra, was rendered prior to the amendments of 1921 and 1923 to the Inheritance Tax Act, and in arriving at a proper determination of the controversy here we must determine what the legislature meant when it added the amendment to the law providing that ''such exemption to the widow shall include all her statutory dower and other allowances.'' The legislature must have had some purpose in view in adding that particular provision to the Inheritance Tax Law.

In *Mitchell* v. *Banking Corp.,* 95 Mont. 23, 24 Pac. (2d) 124, 125, this court said, speaking through Mr. Justice Anderson: ''It will be presumed that the legislature in amending an existing law intended to make some change therein, and therefore the courts will endeavor to give some effect to the amendment.''

It must be kept in mind that the only statutory allowances granted to the widow under any of our laws are her dower right, her homestead right, and her family allowance. The 1921 law specifically provided that the widow's dower and homestead

rights should be included in her exemption set out in the Inheritance Tax Law, and this, of course, prevented the widow from taking any dower or homestead exempt, as such, from the tax, if she took under the will. The 1923 Act mentioned the statutory dower and all other allowances. The widow's allowance granted by the court upon proper application and showing is a statutory allowance. It is axiomatic that any bequest, devise or allowance going to the widow or any other person taking any part of the decedent's estate, passes only by statute, and it therefore follows that the family allowance, or any other allowance, passing to one who takes any part of the decedent's estate, takes by statutory authority and receives property by virtue of the statute. The question here is thus reduced purely to one of statutory construction.

In support of the various rules applying to the different phases of statutory construction, we have confined citations to recent cases which reaffirm the rules generally accepted.

In the construction of a statute the primary duty of the court █ █ is to give effect to the intention of the legislature in enacting it (sec. 10520, Rev. Codes 1921; *State ex rel. Carter* v. *Kall,* 53 Mont. 162, 162 Pac. 385, 5 A. L. R. 1309), and every word, clause, phrase and sentence must be given effect, if possible. (*State ex rel. Foot* v. *District Court,* 77 Mont. 290, 250 Pac. 973, 49 A. L. R. 398; *In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527; *City of Billings* v. *Public Service Commission,* 67 Mont. 29, 214 Pac. 608; *Daley* v. *Torrey,* 71 Mont. 513, 516, 230 Pac. 782; *Stange* v. *Esval,* 67 Mont. 301, 215 Pac. 807.) Statutes must be so construed that no word therein is to be considered meaningless, if such a construction can be reasonably found that will give it effect. (*In re McLure's Estate,* supra; *Daley* v. *Torrey,* supra; *State ex rel. Foot* v. *District Court,* supra; *Mid-Northern Oil Co.* v. *Walker,* 65 Mont. 414, 211 Pac. 353; *State* v. *Mason,* 62 Mont. 180, 204 Pac. 358; *Dosen* v. *East Butte C. Min. Co.,* 78 Mont. 579, 254 Pac. 880.) "The intention of the lawmaker is to be deduced from a view of every material part of the statute." (*Hellmich* v. *Hellman,* 276 U. S. 233, 48 Sup. Ct. 244, 245, 72 L. Ed. 544, 56 A. L. R. 379.)

Proper appreciation of these established rules compels the conclusion that there was some defect in the Inheritance Tax Law existing at the time the *Blackburn Case* was decided which the legislature intended to remedy when by the 1921 amendment it, for the first time, provided the widow should have $10,000 free from the tax and said: "Exemption to the widow shall include her dower and homestead rights." And again in 1923 when it increased the exemption to $17,500 and changed the provision of the statute just quoted to read: "Such exemption to the widow shall include all her statutory dower and other allowances." The phrase "all her statutory dower and other allowances" is comprehensive and significant, and "the power to grant a family allowance is purely and exclusively the creature of statute." (*Hills* v. *Superior Court,* 207 Cal. 666, 279 Pac. 805, 65 A. L. R. 266.)

The husband is allowed $5,000 exempt, and the parents and each child of the decedent are each allowed $2,000, and no tax is levied upon any estate that goes to the near relatives mentioned, except such as is in excess of $25,000, and the rate of taxation is materially less when the bequest is taken by such near relatives. All such exemptions, we think, are liberal and that the obvious intent of the legislature to allow no others should be adhered to.

In the enactment of any law the legislature is presumed to proceed having in mind the existing law, and when the amendments of 1921 and 1923 were enacted the legislature must be presumed to have had in mind the effect of the decision in the *Blackburn Case,* supra. (25 R. C. L. 1067, sec. 291; *American Woodenware Mfg. Co.* v. *Schorling,* 96 Ohio St. 305, 117 N. E. 366, Ann. Cas. 1918D, 318.) True it has been generally held that "it is a fundamental rule of statutory construction that taxing statutes must be construed strictly. (*People* v. *Chicago & Eastern Illinois Ry. Co.,* 314 Ill. 596, 145 N. E. 722.) In interpreting statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used or to enlarge their operations so

as to embrace matters not specifically pointed out. In case of doubt, they are construed most strongly against the government and in favor of the citizen," citing cases. (*Majestic Household Utilities Corp.* v. *Stratton,* 353 Ill. 86, 186 N. E. 522, 525, 89 A. L. R. 852, 857.) But on the other hand it is said: "It would seem clear, however, that inheritance tax statutes should be given a reasonable and liberal interpretation with a view to effectuate the intention of the legislature, and it is undoubtedly the fact that the courts of most jurisdictions have looked upon the tax with favor and have included all gifts and successions, and all property, within its scope that the wording of the statute would warrant, and at all events the claim to an exemption under the provisions of an inheritance tax law will be strictly construed." (26 R. C. L., p. 233, sec. 206; see, also, sec. 4, Rev. Codes 1921.)

The most cogent reason, however, that leads us to the conclusion that the defendant here is not entitled to take the $3,600 free from the tax, is that the Inheritance Tax Law is a special law dealing with that subject alone and controls all general rules relating to any subject covered by its provisions. A special statute controls a general statute relating to the same subject-matter. (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; *Daley* v. *Torrey,* supra; *Franzke* v. *Fergus County,* 76 Mont. 150, 245 Pac. 962; *Indian Fred* v. *State,* 36 Ariz. 48, 282 Pac. 930; *State* v. *White,* 41 Utah, 480, 120 Pac. 331; *In re Hellier's Estate,* 169 Cal. 77, 145 Pac. 1008; *County Sanitation District* v. *Payne,* 197 Cal. 448, 241 Pac. 264; 25 R. C. L. 929; *State* v. *Preston,* 103 Or. 631, 206 Pac. 304, 23 A. L. R. 414; *Ahern* v. *Livermore Union High School District,* 208 Cal. 770, 284 Pac. 1105; *Wulf* v. *Fitzpatrick,* 124 Kan. 642, 261 Pac. 838.) A special statute covering a particular subject-matter must be read as an exception to the statute covering the same and other subjects in general terms. (*State ex rel. Special Road District* v. *Millis,* 81 Mont. 86, 261 Pac. 885; *Western & Southern Indemnity Co.* v. *Chicago Title & Trust Co.,* 128 Ohio St. 422, 191 N. E. 462.) Where special and gen-

eral statutes relate to the same subject-matter, the special Act will prevail as far as the particular subject-matter comes within its provisions. (*State ex rel. McDowell, Inc.,* v. *Smith,* 334 Mo. 653, 67 S. W. (2d) 50; *United States* v. *Hess,* (C. C. A.) 71 Fed. (2d) 78.) "The general design and purpose of the law is to be kept in view and the statute given a fair and reasonable construction with a view to effecting its purpose and object, even if it be necessary, in doing so, to restrict somewhat the force of subsidiary provisions that otherwise would conflict with the paramount intent." (25 R. C. L., p. 1013, sec. 253; *Bowers* v. *Smith,* 111 Mo. 45, 20 S. W. 101, 33 Am. St. Rep. 491, 16 L. R. A. 754.)

The Inheritance Tax Act is a special Act enacted for the purpose of establishing a tax in matters of inheritance, bequests, and devises. (Title of Chapter 65, Laws 1923.) The statutes relating to widow and family allowances (secs. 10144 to 10150, Rev. Codes 1921) are special statutes dealing with that particular subject. Each of these separate provisions of the statutes is special as to the matters to which they, respectively, relate, but they are general as to each other so far as they relate to the questions involved here. It must be presumed that when the legislature enacted the Inheritance Tax Law it intended to provide an Act complete within itself for all purposes necessary to determine the persons to be taxed, the exemptions to be allowed, the rate of the tax, and all other essentials, and when it was provided by subsection (8) of section 1 of Chapter 65, Laws 1923, that in arriving at the clear market value of the decedent's estate passing to each person, etc., "the following deductions, and no other shall be allowed: debts of the decedent owing at the date of death, expenses of funeral and last illness, all state, county and municipal taxes which are a lien against property situated in this State at the date of death, the ordinary expenses of administration, including the commissions and fees of executors and administrators and their attorneys actually allowed and paid, and Federal estate taxes due or paid," and when it provided

by subsection (2) of section 4 of the same Act that an allowance to the widow of $17,500 shall be exempt from the tax, and that "such exemption to the widow shall include all her statutory dower and other allowances," we think it is clearly obvious that no other deductions or exemptions should be allowed. The Act itself must be construed as a full and complete plan without reference to any other provisions of the statutes.

To support the contention of the defendant we would have to go back and adopt the rule laid down in the *Blackburn Case,* supra, and by doing so we would nullify and utterly disregard the 1921 and 1923 amendments to the Inheritance Act heretofore mentioned. True, plausibility is given to the contention of the defendant that the widow does not take family allowance by will or the intestate laws, but, in addition to what has already been said, this contention is fully and forcibly met by this court in *Cruse* v. *Fischl,* 55 Mont. 258, 175 Pac. 878, 880, where it was said: "Taxation is the rule and exemption the exception. \* \* \* The taxing power of the state is never presumed to be relinquished unless the intention to relinquish is expressed in clear and unambiguous terms. \* \* \* Every claim for exemption \* \* \* should be denied unless the exemption is granted so clearly as to leave no room for any fair doubt. \* \* \* Our Bill of Rights guarantees to every one the protection of his property, but this protection carries with it the corresponding obligation to support the government which affords the protection. An exemption from taxation is a release from this obligation, and anyone who seeks the immunity must show that his property belongs to a class which is specifically exempt."

It has been suggested that the 1921 and 1923 amendments to the inheritance tax laws heretofore quoted are not amendments in fact, but that the old Acts were repealed and new Acts placed on the statute books to replace the old. It is true that the 1897 Act was repealed when the 1921 law was enacted, and the 1921 law was repealed when the 1923 law

was enacted, but much of the law in force under the previous Acts was carried forward and incorporated in the new Act, and it is a rule of statutory construction, universally applied, that if a section of a statute be amended, such part of the old as is retained and carried forward into the amended section is not new, but is construed to have been the law at all times since it was first enacted. The rule is cited in *State ex rel. Henderson* v. *Dawson County,* 87 Mont. 122, 286 Pac. 1265, and *Snidow* v. *Montana Home for the Aged,* 88 Mont. 337, 292 Pac. 722, 725. In the *Henderson Case,* 87 Mont. 122, at page 140, 286 Pac. 125, 131, this court said: "In so far as the subject under consideration is concerned, the Act of 1929 supersedes section 4614 as amended, and, where a section or a part of a section is amended, it is not to be considered as having been repealed and re-enacted in its amended form, but the portions which are not altered are to be considered as having been the law from the time when they were enacted." In *Snidow* v. *Montana Home for the Aged,* supra, it was said: "The re-enactment of a statute does not affect its meaning or enlarge its scope, in the absence of clearly ascertainable legislative intent to the contrary. * * * When existing statutes are re-enacted the effect is merely to continue them in force in their original sense." If the rule applies to a section of the law, there can be no logical reason why it may not be applied with equal force to an Act. Many of the provisions of the old 1897 Act were incorporated in the 1921 Act, and a still greater part of the 1921 Act was carried forward into the 1923 law, which is the one under consideration; and under the rule of construction mentioned those parts of the 1921 and 1923 Acts heretofore quoted as applying to the widow's exemptions are, in fact, amendments irrespective of the fact that they now appear in our statutes as parts of a new Act. It is further said in *State ex rel. Public Service Commission* v. *Brannon,* 86 Mont. 200, 283 Pac. 202, 67 A. L. R. 1020, that, "where a new law is enacted to take the place of the old, a change in the phraseology raises a presumption that a departure from the old law was intended."

In applying this rule, we think our conclusions as to the widow's exemptions are inescapable. It must be remembered that "the judicial tribunals of the state have no concern with the policy of legislation. That is a matter resting altogether within the discretion of another coordinate branch of the government. The judicial power cannot legitimately question the policy, or refuse to sanction the provisions, of any law, not inconsistent with the fundamental law of the state." (*Mills* v. *State Board of Equalization,* 97 Mont. 13, 33 Pac. (2d) 563, 568.)

The judgment is reversed and the cause remanded to the district court, with instructions to enter judgment in accordance with this decision.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICE MATTHEWS concur.

MR. JUSTICE ANDERSON: I dissent. The primary question for solution in this case is whether a family allowance made by order of court under the authority of section 10146, Revised Codes of 1921, is an item not subject to inheritance tax, and therefore, in addition to the statutory exemption allowed a widow and the other items, deductible from the gross value of an estate. This question involves the construction of certain statutory provisions.

Our last Inheritance Tax Law is Chapter 65, Laws 1923, to which a few amendments since made are in nowise controlling here. Section 1 of the Act provides that a tax "shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation [except the state, agencies of the state, and charitable, religious and educational corporations] * * * when the transfer is by will or by intestate laws of this state from any person dying possessed of the property," etc.

Subdivision (2) of section 4 provides that property of the clear value of $17,500 transferred to the wife shall be exempt

and that "such exemption to the widow shall include all her statutory dower and other allowances." Section 22 declares: "The words 'estate' and 'property' as used in this Act shall be taken to mean the real and personal property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, or vendees, and not as the property or interest therein of the decedent, grantor, donor, or vendor, and shall include all personal property within or without the state. The word 'transfer' as used in this Act shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift, or appointment in the manner herein prescribed to each individual or corporation."

Our first Inheritance Tax Law, enacted in 1897, was carried forward into the Revised Codes of 1907 as sections 7724–7751, inclusive. Though the first Inheritance Tax Law contained no specific exemption to the widow, it provided that estates of a certain amount—where the property passed to certain near relatives, the widow being included in the class—were subject to no tax. In 1921 the legislature enacted a new Inheritance Tax Law containing provisions identical with those quoted from section 1 and section 22, supra. It gave the widow certain exemptions. It provided that she should have an exemption of $10,000, and that such exemption included "her dower and homestead rights." (Sec. 10380, Rev. Codes 1921.) Section 10400 of the 1921 Codes repealed the existing Inheritance Tax Law, except as to proceedings then pending under the old Act. Then section 26 of Chapter 65, Laws 1923, with a saving clause similar to the one contained in the 1921 Act, repealed the entire Inheritance Tax Law of 1921.

The title to Chapter 65 of the Laws of 1923 reads as follows: "An Act to Establish a Tax on Direct and Collateral Inheritances, Bequests and Devises; To Provide for its Assessment and Collection; Directing the Dispositions of the Proceeds Thereof; And to Repeal, Subject to Certain Reservations, Sec-

tions 10377 to 10400, Both Inclusive, of the Revised Codes of Montana of 1921, And All Other Acts and Parts of Acts in Conflict with this Act.''

In construing a statute, a court must consider every word, phrase, clause or sentence employed, and hold none meaningless, if it is possible to give it an effect. (*State ex rel. Nagle* v. *Sullivan*, 98 Mont. 425, 40 Pac. (2d) 995, 99 A. L. R. 321; *Campbell* v. *City of Helena*, 92 Mont. 366, 16 Pac. (2d) 1.) A court must ascertain and follow the legislative intention, if it is possible to do so, gathering that intention, first, if possible, from the plain meaning of the words employed. (*State ex rel. Nagle* v. *Sullivan*, supra; *Clark* v. *Olson*, 96 Mont. 417, 31 Pac. (2d) 283; *Mills* v. *State Board of Equalization*, 97 Mont. 13, 33 Pac. (2d) 563.) The title of an Act is indicative of legislative intent. (*State* v. *Bradshaw Land & Livestock Co.*, 99 Mont. 95 43 Pac. (2d) 674; *Dubie* v. *Batani*, 97 Mont. 468, 37 Pac. (2d) 662; *Nangle* v. *Northern Pacific Ry. Co.*, 96 Mont. 512, 32 Pac. (2d) 11.)

I concede the correctness of the rule that where one statute deals with a subject in a general and comprehensive manner and another deals with a part of the same subject in a more minute and definite way, the two should be read together and, if possible, harmonized, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnance between them, the special will prevail over the general. (*Durland* v. *Prickett*, 98 Mont. 399, 39 Pac. (2d) 652; *Langston* v. *Currie*, 95 Mont. 57, 26 Pac. (2d) 160.) When the legislature adopts its own definitions of words in an Act, it is the duty of courts in construing that statute to follow those legislative definitions even though they are contrary to the usual and ordinary meaning of the words. (*Montana Beer Retailers' Pro. Assn.* v. *State Board of Equalization*, 95 Mont. 30, 25 Pac. (2d) 128.) When a taxing statute is susceptible of two constructions and the legislative intent is in doubt, it should be resolved in favor of the taxpayer. (*Mills* v. *State Board of Equalization*, supra; *Vennekolt* v. *Lutey*, 96 Mont. 72, 28 Pac. (2d) 452;

*Shubat* v. *Glacier County,* 93 Mont. 160, 18 Pac. (2d) 614; *State ex rel. Whitlock* v. *State Board of Equalization,* 100 Mont. 72, 45 Pac. (2d) 684.) A contrary rule, however, applies to exemptions. (*Whitlock Case,* just cited.)

Our first Inheritance Tax Law levied a tax on the transfer of property passed by will or by the state intestate laws, and under that statute this court held that a family allowance was not subject to an inheritance tax. (*In re Blackburn's Estate,* 51 Mont. 234, 152 Pac. 31.) The decision harmonized with decisions in other jurisdictions where a tax is levied on a transfer by will or intestate laws, and where the court in certain instances awards a family allowance. (*In re Kennedy's Estate,* 157 Cal. 517, 108 Pac. 280, 29 L. R. A. (n. s.) 428; *State ex rel. Pettit* v. *Probate Court,* 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436; *In re Page's Estate,* 79 N. Y. Supp. 382; *Crenshaw* v. *Moore,* 124 Tenn. 528, 137 S. W. 924, Ann. Cas. 1913A, 165, 34 L. R. A. (n. s.) 1161; *In re Smith's Estate,* 161 Wis. 588, 155 N. W. 109; *In re Estate of Steehler,* 195 Cal. 386, 233 Pac. 972, 976; *In re Green's Estate,* 78 Utah, 139, 1 Pac. (2d) 968.) Under the statutes of Illinois and North Carolina, a widow's allowances, to which she is entitled as a matter of right, are held to be a transfer under the inheritance laws of the state. (*Billings* v. *People,* 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807; *People* v. *Forsyth,* 273 Ill. 141, 112 N. E. 378; *Corporation Commission* v. *Dunn,* 174 N. C. 679, 94 S. E. 481, Ann. Cas. 1918D, 1086, L. R. A. 1918F, 498.) It will be noted, however, that under our section 10146, supra, a family allowance may be made only when the amount of the property set apart under the provisions of section 10145 is insufficient for the support of the widow and children, and even then the allowance must be only for an amount necessary to maintain the family according to its circumstances.

In the title of Chapter 65, supra, the legislature did not declare that it was amending the existing law; on the contrary, it expressed its intention to establish a tax on inheritances, bequests and devises, and to repeal all existing laws applicable to

future estates. True, many of the provisions of the 1921 Act are found within the context of the 1923 Act, but the 1923 Act was not, so far as the purposes of construction are concerned, an amendment to the 1921 Act. The 1923 Act is a single legislative utterance. Its provisions must be construed together in order, if possible, to harmonize their various ambiguities and apparent repugnancies. Each section is the part of an entire Act. Here we do not deal with the construction of the exemption clause alone. We consider the question whether the statute in fact imposes a tax upon family allowances, and whether the general rule applies, viz., that where an Act is susceptible of two constructions, the one in favor of the taxpayer is to be adopted. (*In re Estate of Steehler,* supra.)

As I have already pointed out, the 1921 Act provided that the widow's exemption included dower and homestead rights. In lieu of the language embodying that provision, the legislature framed the 1923 law to include all her statutory dower and other allowances. It is said that unless we include family allowances within the meaning of the phrase "other allowances," we disregard the legislative purpose in changing the language from what it was in the 1921 Act. Under the provisions of section 10145, and after the return of the inventory, the court or judge may on his own motion, or on petition therefor, set apart for the use of the surviving wife all the property exempt from execution, including the homestead selected, designated, and recorded; and the court or judge must, if no homestead has been selected and recorded, select and set apart a homestead for the use of the surviving wife and the minor children.

If we consider the words "all her statutory" as modifying "allowances" as well as "dower," then by the change made in the 1923 law the exempt property which must be set apart by the court under the provisions of section 10145 is, without question, included within the inheritance tax exemption. The surviving wife is entitled as a matter of right to have not only the exempt property set apart, but also the homestead, if one has been selected. If none was selected in the lifetime of the de-

204

ceased, the selection is to be made by the court. The surviving widow is as much entitled to have these various classes of property set apart to her by the probate court as she is to receive her distributive share of the estate property by the terms of the will or under the laws of succession.

An "allowance" is "a share or portion allotted or granted" (Webster's Dictionary), and is, as here applied, that portion of the estate which is granted or allotted to the family. When the word "allowance" is modified by the word "statutory" it refers to an allotment or grant made by the statute.

Section 10146 does not grant a family allowance to the surviving widow and the minor children as a matter of right. It authorizes the court to determine whether an allowance is necessary, and, if so, to grant an allowance sufficient to maintain the family according to its circumstances. Under the statute, discretion is vested in the court to determine two questions, namely, Is an allowance necessary? And, if an allowance is necessary, what is a reasonable allowance? The statute does not grant the wife the right to an allowance, but only vests power in the court to make an allowance on a showing sufficient to invoke judicial discretion.

In addition to what has already been said, the reasoning of the California court in the case of *In re Estate of Steehler*, supra, is, I think, most convincing. Speaking of the family allowance, the court there said: "It is in the nature of a continuance of that contribution to the daily or regular maintenance of the household and its occupants which the decedent himself was accustomed to provide, and would have continued to supply but for his death, and which, if so supplied, would to that extent have diminished the substance of his assets subject to this form of taxation. When allowed by the court in such reasonable amount, and under such circumstances as are prescribed by the statute, it would in the nature of things be disbursed and dissipated in providing for the family necessities pending the settlement of the estate. There is every reason, therefore, why this perishable part of decedent's estate ought not to be dimin-

ished by the imposition of an inheritance tax in the absence of a clear intent on the part of the legislature to so prescribe."

I see in the language of the statute no clear legislative intention either to levy a tax on the family allowance, or to have it included within the exemption granted to a surviving widow. The judgment should be affirmed.

MR. JUSTICE STEWART: I concur in the dissenting opinion of MR. JUSTICE ANDERSON. I do this because I believe firmly in the principle that tax laws and impositions should be construed strictly in favor of the taxpayer. It is a wise and salutary theory and has been pretty generally recognized by courts. The people of this country, and of Montana particularly, are becoming tax conscious. They realize the dangers which lie in the path of excessive taxation.

We now have more forms of taxation than were ever conceived by those who have in the past overthrown governments because of excessive taxation. I do not believe that the legislature ever intended to have the provisions of the Inheritance Tax Law extended to the extent contemplated in the majority opinion.

The extension of the tax to include the money paid for family allowance is to tax the food eaten and the clothes worn by the recently bereaved widow and by lately orphaned children of a deceased citizen. That is exactly what it amounts to. The period over which family allowances are made usually corresponds to the period of bereavement and mourning. It corresponds to the period of adjustment necessary to rearrange the finances of a family when the breadwinner is taken away. To impose a tax upon the food and clothing which constitute the support and maintenance of the remaining loved ones during the period of bereavement is, to say the least, a very harsh proposition. I cannot hold that such was the intention of the legislature in the absence of unmistakable terms. I do not believe that the provisions of the law can be fairly extended to that extent.