### THE STATE OF GEORGIA *v.* CAMP *et al.,* executors.

210

No. 13061.   NOVEMBER 16, 1939.

214

*Ellis G. Arnall, attorney-general, B. B. Zellars* and *Slaton Clemons, assistant attorneys-general,* and *Wright & Willingham,* for plaintiff.

*Hirsch & Smith, M. E. Kilpatrick, Louis Regenstein Jr.,* and *Lamar Camp,* for defendants.

JENKINS, Justice. Only division 3 of the syllabus requires elaboration. In accordance with the principles stated in division 1, the reference in the Code, § 92-3401, to the payment to the State of 80 per cent. of the amount due as Federal inheritance taxes "under the act of Congress relating to the levy and collection of Federal estate taxes," must be taken as ambiguous, since at the time of the adoption of the Code there was not one but there were three acts of Congress relating to the levy and collection of such taxes. And this is true despite the general rule of the Code, § 102-102 (4), that in the construction of statutes the singular and plural shall each include the other, since in the construction of statutes such a general "rule is not one to be applied except where it is necessary to carry out the evident intent of the statute" (First National Bank *v.* Missouri, 263 U. S. 640, 657, 44 Sup. Ct. 213, 68 L. ed. 486, and cit., affirming 297 Mo. 397, 249 S. W. 619, 30 A. L. R. 918; Commonwealth *v.* Barnett, 196 Ky. 731, 245 S. W. 874) ; and since the Code section levying an inheritance tax, here involved, not only by manifest implication but by its terms declares itself to be a codification of the specifically stated Georgia statutes, and by reference to such statutes it is seen that at the time the stated Georgia statute of 1926 was enacted, amending the act of 1925 by imposing a new and different inheritance tax (act of March 31, 1926, Ga. L. Ex. Sess., 1926, pp. 15, 17;

Ga. L. 1925, p. 63), the Georgia statute of 1926, in referring to Federal estate taxes under *"the act of Congress,"* necessarily must have had reference only to the act of Congress of February 26, 1926, for the reason that at that time this was the only Federal statute pertaining to inheritance taxes that remained of force; and since the levy by the State under its act of 1926 of a new 80 per cent. inheritance tax was manifestly to take advantage of the 80 per cent. credit allowed by the Federal act of 1926 for inheritance taxes paid to the State. It follows, that, since the Code makes reference to only one "act of Congress," and since it expressly refers to the Georgia statute of 1926 as the basis for its inclusion in the Code, and since, under the rule announced in *Featherstone* v. *Norman,* 170 *Ga.* 370, 394 (153 S. E. 58, 79 A. L. R. 449), this Georgia statute did not undertake to make future Federal legislation a part of that statute, the ambiguous reference in the Code section must have related to the Federal statute of 1926, which had just been enacted when the General Assembly at the extra session in 1926 passed its inheritance-tax law, conforming to the 80 per cent. maximum credit for State inheritance-tax payments in lieu of the 25 per cent. maximum allowed by the repealed Federal statute of 1924.

But the plaintiff in error urges that unless effect is given to the Code, without reference to the antecedent Georgia statute of 1926 for the purpose of interpretation, it is the Georgia inheritance-tax act of 1925, and not its act of 1926, to which reference must be made; the argument being that the act of 1926 was amendatory only for the purpose of changing the State tax rate from 25 to 80 per cent., and that the remaining provisions of the act of 1926, including its reference to "the act of Congress," must be governed by the terms as employed in the original act of 1925. On the proposition that when an amendatory statute continues in force a former statute, the law common to both must be taken and construed as dating from the adoption of the former statute, counsel for the State cite: People v. Wiebolt, 357 Ill. 208 (191 N. E. 689, 93 A. L. R. 789, 792) ; Estate of Wilson v. State Board of Equalization, 102 Mont. 178 (56 Pac. 2d, 733; 105 A. L. R. 367, 375) ; Harwood v. Maxwell, 213 N. C. 55 (95 S. E. 54, 55) ; Posadas v. National City Bank, 296 U. S. 497 (56 Sup. Ct. 349, 353, 80 L. ed. 351) ; Mortimer v. Champers, 63 Hun. 335, 17 N. Y. Supp.

874; Ely *v.* Holton, 15 N. Y. 595; Notes in 88 Am. St. R. 282; Brun *v.* Lazell, 172 Md. 314 (191 Atl. 240, 109 A. L. R. 1453); Duggan *v.* Ogden, 278 Mass. 432 (180 N. E. 301, 82 A. L. R. 765; Hall *v.* Dunn, 82 Ore. 475 (97 Pac. 811, 25 L. R. A. (N. S.) 193); Harvey *v.* Hazleton, 81 Pa. Super. 1; 25 R. C. L. 907, § 159; 59 C. J. 1096, 1097, § 647. It is urged that under this view we would have no State inheritance-tax act at all, since "the act of Congress" referred to in the State statute of 1925 was the Federal law of 1924 (43 Stat. 303, 305; Historical Notes, U. S. Code Ann., title 26, §§ 350-1149, p. 129), and it was repealed by the Federal law of 1926, and not in existence when the State statute of 1926 was enacted. We are unable to agree to these conclusions as applied to the statutes involved in this case. When section 1 of the State act of 1926 changed the tax rate to 80 per cent. in order to conform to the Federal act of 1926, and in the same section provided that the State tax-commissioner should compute 80 per cent. of such tax as would be due under "the act of Congress," it not only manifestly but necessarily referred to the only Federal inheritance-tax law then in existence. Not only did the amendatory State law of 1926 change the tax levied from 25 to 80 per cent., but by referring in terms to "the act of Congress" reference was necessarily made to an "act of Congress" different from the repealed Federal law of 1924, to which the State statute of 1925 referred. To hold otherwise would render meaningless the reference by the State act of 1926 to "the act of Congress," since the only Federal inheritance-tax act of force when the Georgia statute of 1926 was passed was the new Federal act of 1926. Unless the language of a statute so compels, it will not be construed as absurd and meaningless. *Central Ry. Co.* v. *State,* 104 *Ga.* 831, 839 (supra); *Board of Tax Assessors of Decatur County* v. *Catledge,* 173 *Ga.* 656 (160 S. E. 909); *Scott* v. *Mount Airy,* 186 *Ga.* 652, 653 (198 S. E. 693).

Since the language of the Code section is itself ambiguous, and since it merely brought forward in identical language the act of 1926, without making any change in the language thereof, "conspicuous" or otherwise, and since to construe the Code section as is contended by the State would have what would seem to be the unreasonable effect of taking 92 per cent. of all inherited property under the higher-bracket schedule, and since in construing am-

biguous tax statutes, they should be taken most strongly in favor of the citizen, and since the interpretation as made by the trial court is in accord with the interpretation which has been given by the State administrative authorities for a number of years, during which time there have been several sessions of the General Assembly without any disturbance of such administrative interpretation, in view of all of this it must be held that the court properly construed the Code, § 92-3401, as referring to the Federal inheritance-tax act of 1926, to which reference was specifically made, and properly overruled the demurrer of the State to the affidavit of illegality by the taxpayers contesting the right of the State to claim additional State inheritance taxes under the Federal inheritance-tax laws of 1932 and 1934.

*Judgment affirmed. All the Justices concur.*