## LEE v. FLORITOR, Inc., et al.
### No. 60 L 296.

Circuit Court, Dade County.
April 14, 1961.

Robert M. Bader, Miami, for plaintiff.

Emanuel Levenson and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, all of Miami, for defendants.

Dean, Adams, Fischer & Gautier and Martin P. Shachat, all of Miami, for counter-defendant.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on for hearing upon a series of post trial motions filed by the defendants in that capacity as well as in their capacity as counter-claimants or counter-plaintiffs. In addition to a "motion for new trial", there was a "motion for judgment in accordance with defendants counter-plaintiffs motions for a directed verdict", a "motion to amend judgment" and a "motion for judgment n.o.v."

By way of background this case was the outgrowth of a somewhat different (if not unique) accident between a motor vehicle and an escaped trained horse on Biscayne Boulevard in Dade County, Florida. In fine, the plaintiff, who was driving the car, filed suit for personal injuries and property damage against the owners of the horse and the owners of the horse counter-claimed for damages resulting from the death of the horse destroyed in the accident.

The issues made by the pleadings, reflecting the multiple claims of the parties, were submitted to the jury with full and complete instructions. Thereafter a verdict was returned in favor of the plaintiff in the rather modest amount of $2,080. The jury also returned a not guilty with respect to the counterclaim of the defendant-counterclaimants.

The crux[1] of defendant-counterclaimants' complaints (as set forth in their post trial motions) questions the legal sufficiency of the evidence in all possible aspects — they question it incident to submitting the plaintiff's case to the jury, and they question it as a legal predicate in support of the verdict. In addition they question it as counterclaimants. Here, however, the claim is that the evidence was such that a verdict should have been directed in their favor.

In my judgment this unusual, if not unique, type of case represents a typical case for a jury under appropriate instructions.[2] See generally, Cutchins v. Seaboard Airline Railroad Co., Fla., 101 So. 2d 857; Bruce Construction Corp. v. State Exchange Bank, Fla., 102 So. 2d 288, 291; and Brightwell v. Beem, Fla., 90 So. 2d 320, 322. See specifically §§588.14 and 588.15, Florida Statutes; Bryant v. City of Tampa, Fla. App., 100 So. 2d 665; Allen v. Rucks, Fla. App. 121 So. 2d 167; and Clark v. Sumner, Fla., 72 So. 2d 375. Cf. Raziano v. T. J. James & Co., La., 57 So. 2d 251; Griffin v. Benton, Ga., 88 S.E. 2d 287; Corey v. Smith, Ind., 120 N.E. 2d 410; Fugett v. Murray, Ill., 35 N.E. 2d 946, and Bender v. Welsh, Penna., 25 A. 2d 182. See also Moss v. Bonne Terre Farming and Cattle Co., Mo., 10 S.W. 2d 338; and Mercer v. Bryons, 1st Cir., 200 F. 2d 285.

---

1. They also question (among other things) the propriety and applicability of certain charges to the jury. Although *not* waived, these grounds did not appear to be seriously urged at the hearings. In any event the court finds them lacking in merit.

2. The defendant-counterclaimants' horse was even given the benefit of a "last clear chance instruction" along with numerous other requested charges.

The jury settled the matter and its verdict is adequately supported by the record. It is accordingly ordered — (1) That the aforementioned post trial motions of the defendant-counterclaimants are hereby denied. (2) That execution upon the final judgment heretofore entered in this cause is hereby stayed for a period of ten days from the date of entry of this order.