In re BLACKBURN'S ESTATE. BLACKBURN et al., Appellants, *v.* STATE OF MONTANA et al., Respondents.

(No. 3,543.)

(Submitted September 15, 1915. Decided September 30, 1915.)

[152 Pac. 31.]

*Inheritance Tax—Family Allowance—Deduction from Value of Estate.*

1. Inasmuch as moneys paid out of an estate for family allowance do not pass by the inheritance laws of the state, they, with other proper charges, must be deducted from the value of the estate as fixed for inheritance purposes, and only the residue, if sufficient in value, is subject to the tax.

[As to leading features of inheritance taxes, see note in 127 Am. St. Rep. 1035. And see note in Ann. Cas. 1915C, 322.]

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Hannah A. Blackburn, and another against the State of Montana and another. From an order of the district court fixing the value of an estate for inheritance tax purposes, plaintiffs appeal. Reversed.

·Cause submitted on briefs of counsel.

*Messrs. Nolan & Donovan*, for Appellant Hannah A. Blackburn; *Mr. A. B. Melzner*, for Appellant Frank H. Cooney.

From an examination of sections 7724, 7509–7511, and 7546, Revised Codes, it appears that the widow's right to her family allowance is in no manner dependent upon the provisions of the will, if there be a will. The moneys paid to the widow for a family allowance, therefore, cannot be said "to pass by will." It is equally clear that the moneys thus paid to her do not pass to her "by the intestate laws of this state," because intestacy is not a condition upon which her right to the allowance depends. Section 7546, apparently places the allowance to the family upon the same footing with the debts of the deceased and the expenses of the administration. It was so regarded by the supreme court of Colorado in the recent case of *Wilson* v. *Wilson*, 55 Colo. 70, 132 Pac. 67. The allowance made to the widow is apparently not only a charge against the estate, but it is a preferred charge which must be paid in preference to general creditors. Her right thereto is based upon the marital relation, not upon the fact that she is made an heir. "The widow is entitled to an allowance as a matter of right on the grounds of public policy." (*In re Dougherty's Estate*, 34 Mont. 336, 86 Pac. 38.) "The duty of maintaining the family, which the law imposed upon the deceased husband or father in his lifetime, is continued against his estate pending its administration, if the estate is solvent." (*In re Lux's Estate*, 100 Cal. 593, 35 Pac. 341; *Dahlman* v. *Dahlman*, 28 Mont. 373, 72 Pac. 748.)

We think that it is clear that the widow's right to support, during the progress of the settlement of the estate falls to her not as heir or by the will of her husband, but by virtue of her marital right, and is purely a continuance of the duty which the deceased husband owed her in his lifetime; and that, therefore, it cannot under any proper construction of the language of the statute be regarded as property passing to her "by will or by the intestate laws of this state." The courts, generally, under statutes substantially identical with ours, have so held. (*In re Kennedy's Estate,* 157 Cal. 517, 108 Pac. 280, 29 L. R. A. (n. s.) 428, and note, where the cases are collected; *Crenshaw* v. *Moore,* 124 Tenn. 528, Ann. Cas. 1913A, 165, and note, 34 L. R. A. (n. s.) 1161, 137 S. W. 924.) The two cases above cited are based upon statutes substantially identical with ours, and the views therein expressed find support in the decisions of the courts of New York, Vermont, Connecticut and Pennsylvania reviewed in the opinions or collected in the notes above. The only authority to the contrary, of which we are aware, is *Billings* v. *People,* 189 Ill. 472, 59 L. R. A. 807, 59 N. E. 798.

Since the inheritance tax is a tax upon the privilege of inheriting, it is, of course, to be calculated not upon the gross value of the estate, but upon the amount of the estate which passes to the heirs or devisees "by will or by the intestate laws of this state." Likewise the exemption is to be calculated, not upon the gross value of the estate, but upon the amount thereof which passes "by will or by the intestate laws of this state." (*State ex rel. Gilmore* v. *District Court,* 45 Mont. 335, Ann. Cas. 1914A, 469, 122 Pac. 922.)

*Mr. J. B. Poindexter,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

This appeal is from orders of the district court of Silver Bow county fixing the clear value of the estate of Gideon E. Blackburn, deceased, at $9,960.30, and requiring the administrator to pay as inheritance tax thereon the sum of $99.60.

It is established by the record and conceded that under a previous order duly made the family allowance paid and due the widow of said deceased amounts to $3,375; that this sum was not deducted from, but was included in, the value of the estate as fixed by the orders; and that, if deducted, the clear value of the estate would fall below $7,500. The contention is that the amounts paid and due the widow for family allowance should have been deducted from the value of the estate as found, and that, as Dr. Blackburn died intestate, and as his heirs consist of his widow and children, the estate is not subject to any inheritance tax.

We think this contention must be sustained. The only prop- [1] erty of the deceased which it is claimed could be subject to the inheritance tax is that which "shall pass by the inheritance laws of this state"; but the effect of the orders is to tax the amounts paid and due the widow for her family allowance. Moneys paid out of an estate for family allowance do not pass by the inheritance laws of this state; they are charges against the estate created by special statutes in the interest of public policy. (Rev. Codes, secs. 7508, 7510, 7511; *Dougherty's Estate,* 34 Mont. 336, 86 Pac. 38; *Wilson* v. *Wilson,* 55 Colo. 70, 132 Pac. 67; *Crenshaw* v. *Moore,* 124 Tenn. 528, Ann. Cas. 1913A, 165, 34 L. R. A. (n. s.) 1161, 137 S. W. 924.

Again, the inheritance tax is not an imposition upon the estates of decedents; it is "a duty imposed by the state upon the right to receive property by testamentary disposition or succession, or by any deed or instrument to take effect at or after death." (*State ex rel. Gilmore* v. *District Court,* 45 Mont. 335, Ann. Cas. 1914A, 469, 122 Pac. 922.) Being such, it of course is not designed to apply to property which is not received in one of these ways. Seldom do the heirs of a decedent receive all of his estate, because it is chargeable with the payment of his debts, the expenses of administration, and family allowances. (Rev. Codes, sec. 7546.) To ascertain what they do receive, deductions must necessarily be made for all these charges, and only the residue, when sufficient in amount, is subject to the tax. (*Kennedy's Estate,* 157 Cal. 517, 29 L. R. A. (n. s.) 428,

108 Pac. 280; *Commonwealth's Appeal,* 127 Pa. 435, 17 Atl. 1094; *In re Dimon,* 82 App. Div. 107, 81 N. Y. Supp. 428; Blackmore & Bancroft on Inheritance Tax, p. 265 *et seq.*)

Since, under the provisions of our statute (Rev. Codes, sec. 7724), property passing to direct heirs must amount to $7,500 before it is subject to an inheritance tax, no such tax can be imposed in this instance.

The orders appealed from are therefore reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.