[S. F. No. 7739. Department Two.—March 9, 1917.]

In the Matter of the Estate of JAMES STEWART, Deceased. JOHN S. CHAMBERS, as Controller of the State of California, Appellant.

INHERITANCE TAX—ACT OF 1913—LIABILITY OF HOMESTEAD PROPERTY. Community property impressed with a homestead during the life of the husband, title to which vested absolutely in his widow upon his death, is liable to the inheritance tax imposed by subdivision 1 of section 2 of the Inheritance Tax Act of 1913.

APPEAL from a decree of the Superior Court of the City and County of San Francisco fixing an inheritance tax. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Robert A. Waring, Inheritance Tax Attorney, and Albert H. Elliot, Assistant Inheritance Tax Attorney, for Appellant.

James C. Sims, for Respondent.

HENSHAW, J.—In 1913 Emma Georgina Stewart, then wife, now widow, of James Stewart, deceased, declared a homestead upon community property. Upon his death title to the land impressed with this homestead vested absolutely in the widow. (Civ. Code, sec. 1265; Code Civ. Proc., sec. 1474.)

In the adjustment of the inheritance tax due to the state from the estate of James Stewart, deceased, the judge in probate relieved from liability for such inheritance tax the sum of five thousand dollars, as a homestead exemption. The question here presented is whether or not under the law an inherit-

ance tax is imposed upon the value of property, title to which is thus vested by virtue of the homestead laws.

The Inheritance Tax Act of 1913, in section 2, declares that "a tax shall be and is hereby imposed upon the transfer of any property . . . in the following cases: 1. When the transfer is by will or by the intestate or homestead laws of this state, from any person dying seised or possessed of the property while a resident of the state, or by any probate homestead set apart from said property." (Stats. 1913, c. 595, [p. 1067].) By the sections of the Civil Code and Code of Civil Procedure above cited, title to the property impressed with the homestead vested in the widow upon the death of the husband. (*Hart* v. *Taber,* 161 Cal. 20, [118 Pac. 252]; *Humboldt Sav. Bank* v. *McCleverty,* 161 Cal. 285, [119 Pac. 82]; *Wall* v. *Brown,* 162 Cal. 307, [122 Pac. 478].) Subdivision 1 of section 2 of the Inheritance Tax Act above quoted unmistakably indicates that a transfer of title or of interest as used in the inheritance tax law means a transfer accomplished by operation of law as well as by the act of the parties. It appears too plain to permit of discussion that under these circumstances the homestead property, title to which was transferred to the widow by and on the death of her husband, was liable for the inheritance tax under the law that has been quoted. Respondent has filed no brief upon this appeal, and we are without light as to the views she may entertain in support of the court's decree. Wherefore that decree, so far as it exempts from the inheritance tax the homestead property, is reversed.

Melvin, J., and Lorigan, J., concurred.