STATE *v.* BONEY.

Opinion delivered December 4, 1922.

1. STATUTES—CONSTRUCTION AS ENTIRETY.—An act must be read in its entirety to extract its meaning.

2. STATUTES—CONSTRUCTION WITH OTHER ACTS.—In construing a statute, other acts dealing with the same subject must be read *in pari materia.*

3.   TAXATION—DOWER.—Under Acts 1917, p. 455, § 1, amending Acts
     1913, p. 824, § 1, taxing gifts, legacies, inheritances, etc., by in-
     cluding widows' dower, the effect of the amendment was to make
     the widow's dower taxable, though not specifically designated
     in section 2 of the act of 1917, dealing with taxable transfers.

4.   TAXATION—POWER OF STATE TO TAX DOWER.—The right to impose
     a tax on a widow's dower need not be granted by the Consti-
     tution, as the State has that right unless the Constitution has
     forbidden its exercise.

5.   TAXATION—DOWER.—The right of a widow to take dower being a
     privilege which the Legislature may give or withhold, it may
     impose a tax upon the exercise of the right against the person
     to whom it is given; such tax not being a property tax within
     the constitutional requirement of equality and uniformity.

6.   TAXATION—PRIVILEGE TAX.—The Legislature is not prohibited
     from taxing the privilege of taking dower, by Const., art. 16,
     § 5, authorizing the taxation of "hawkers, peddlers, ferries, ex-
     hibitions and privileges;" the term "privileges" not being limited
     to the class mentioned or to such as were recognized at common
     law.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; reversed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants; *W. V. Tompkins,* Special Counsel; *David A. Gates,* Inheritance Tax Attorney, for appellant.

1.   After the decision of this court in *McDaniel* v. *Byrkett,* 120 Ark. 295, the Legislature, by the amenda-tory act of 1917, specifically taxed dower, and it had the constitutional right to do so. The right of dower is not a property right, but a privilege. 49 U. S. (8 How.) 490-493; 178 U. S. 41-45; 9 R. C. L. 563; 90 U. S. 137-148; 112 N. W. 1020; 102 Minn. 253; 35 *Id.* 436; 40 *Id.* 164. It is a creature of law and not of contract, subject, while it remains inchoate, to such modifications and qualifications as the Legislature may deem proper to impose. 6 Ohio St. 547; 8 N. Y. 110. See also 11 Ark. 212; 17 Penn. St. 449; 55 Ark. 225-233; 62 *Id.* 11; 2 Bishop, Married Women, § 42; 19 L. R. A. 256-262; Cooley's Const. Lim., 6th ed., 441. It is not a vested right, but "a mere intangible, inchoate, contingent expec-

tancy." 53 Ark. 279; 56 *Id.* 139. See also 53 Ark. 255; 60 *Id.* 169; 14 *Id.* 465; 21 *Id.* 62. It is as much a creature of statute as are inheritances.

The estates of dower and curtesy, tenancy by the entirety and joint tenancy are similar in that neither is an estate of inheritance, and neither passes under the intestate laws of the State. If curtesy, tenancy by the entirety and joint tenancy can be taxed (and wherever there is a specific statute taxing them, such statutes have been upheld), then dower may also be taxed. Laws of New York, 1911, chap. 73, art. 10, § 243; 1 Washburn on Real Property, 8 ed., 529; Reeves on Real Property, vol. 2, §§ 689-870; Tiedman, Real Property, 2nd ed., § 237; 165 N. Y. Supp. 887; *Id.* 127; 166 *Id.* 1079; 169 *Id.* 206; 170 *Id.* 232; 221 N. Y. 15. See also 248 Ill. 147; 15 Cal. 308; 78 Cal. 319; 93 Pac. 1025.

2. The amendment, approved February 16, 1917, at the first session of the Legislature following the decision of this court in *McDaniel* v. *Byrkett,* 120 Ark. 295, amended subdivision 1 of section 1, act of March 24, 1913, the inheritance tax act, which, like the act of 1909, construed in the McDaniel case, did not include dower, by incorporating therein, in the proper connection, the words "including widow's dower, or any property in any way granted, given or devised to the widow in lieu of dower, and to the husband's curtesy, or any gift, grant or bequest of the wife to the husband."

The effect of this amendment was to substitute the section, as amended and reenacted, for the old section, and to so change the act as to make it read in the same manner it would have read, and to give the same effect it would have had, if it had been originally enacted as amended. 100 Ark. 175. The words "estate" and "property," in the original act, §§ 10217-10218, C. & M. Digest, did not include dower and curtesy. By the amendment they were included. See also Black on Interpretation of Laws, ch. 357.

*Henry Moore, Jr.*, and *A. L. Burford*, for appellees.

1. The widow's dower is not subject to an inheritance tax. In determining whether or not the law invoked by the State in this case taxes dower, all doubt must be resolved in favor of the widow, both on the ground that a taxing statute,—levying a special tax—is being considered, and because the effect of the statute is to diminish dower. 120 Ark. 295, 179 S. W. 491; 30 S. W. (Tenn.) 745; 184 U. S. 583, 46 L. ed. 697; 5 Ark. 82; 42 Sup. Ct. Rep. 346. If this question is in doubt, the title of the act may be examined to determine the legislative intent.

Inheritance taxes are not laid upon the property of a decedent, but are in the nature of excise taxes, and are a tax upon the privilege of succeeding to an inheritance. 100 Ark. 179, 139 S. W. 1112.

The transfers that are taxable are set out in § 10218, C. & M. Digest. They are embraced under five classifications, and, unless dower is included therein, it is not subject to this tax, irrespective of the definition of "property" and "estate" contained in § 10217, *Id.*

Had the Legislature intended to tax dower, unambiguous language could, and should, have been used; but, being ambiguous and this question in doubt, this doubt must be resolved against the State, and in favor of the taxpayer.

2. Dower is not a mere privilege, to be placed on the same footing with an inheritance, or to be classified with hawkers and peddlers. It is an incumbrance upon the title of the heirs at law, superior to the claims of the husband's creditors, a positive and definite institution of the State, dependent not entirely upon maintenance and nurture of the widow and her children, but exists also for reasons of public policy. 11 Ark. 82; 137 S. W. (Tenn.) 924; 19 Corpus Juris, 460, § 10; Bacon, Uses, p. 37; 2 Blackstone, Comm. 129-133; Gilbert, Uses, p. 354 *et seq.;* Park, Dower, p. 2; 13 Ark. 761; 44 Ark. 134.

If the present law be held to include dower, then that portion of the statute is unconstitutional and void. Art. XVI, § 5, Constitution 1874.

SMITH, J. This appeal involves the right of the State to tax a widow's right to take dower, under the authority of act 96 of the Acts of 1917, page 455. The court below held that there was no such authority, and the State has appealed.

An attempt was made by the State to tax a widow's dower in the case of *McDaniel* v. *Byrkett,* 120 Ark. 295; but, after a review of the authorities and a consideration of the nature and character of dower, we reached the conclusion that the statutes on the subject then in force did not authorize the imposition of a tax on dower. Our conclusion to that effect was summed up in the construction we gave the statute then in force as, follows: "We conclude therefore that the widow of a deceased person does not take dower as the heir of her husband, or by virtue of the intestate laws, but that this estate is inimical to the claim of the heir and is carved out of the estate of the deceased in spite of, and in derogation to, the rights of the heir under the intestate laws, and the judgment of the court below (denying the right to tax dower) will therefore be affirmed."

This opinion was delivered October 11, 1915, and at the next session of the General Assembly the law was amended by amending act 197 of the Acts of 1913, page 824, which had itself amended act 303 of the Acts of 1909 (Acts 1909, p. 904).

The first section of the act of 1913 was one of definitions, and the words "estate," "property," "tangible property," "intangible property," and "transfer" were defined. After defining the word "transfer" in section 1 of the act, section 2 thereof dealt with the subject of "taxable transfers."

Section 1 of the act of 1917 reads as follows: "That subdivision one of section 1 of the act 197 of the Acts of 1913, same being the act to establish a tax on gifts, lega-

cies, inheritances, bequests, successions, and transfers of property, be. amended so as to read as follows: (1) The words 'estate' and 'property,' as used in this act, shall be taken to mean the property or interest therein passing or transferring to any individual or corporate legacies, devisees, heirs, next of kin, grantees, donees or vendees, including widow's dower or any property in any way granted, given or devised to the widow in lieu of dower, and the husband's curtesy, or any gifts, grant or bequest by the wife to the husband, and not as property or interest therein of the decedent, donor or vendor, and shall include all property or interest therein, whether situated within or without the State. *Provided,* five thousand ($5,000) dollars of the market value of the widow's dower or the husband's curtesy shall be exempt from taxation.''

The amendment consisted in the correction of certain typographical errors (and others were made in the amendment) and the addition of two phrases. The first phrase reads as follows: ''including widow's dower or any property in any way granted, given or devised to the widow in lieu of dower, and the husband's curtesy, or any gifts, grant or bequest by the wife to the husband.'' The second addition is: *''Provided,* five thousand ($5,000) dollars of the market value of the widow's dower or the husband's curtesy shall be exempt from taxation.''

The act of 1917 does not expressly amend section 2 of the act of 1913, which deals with ''taxable transfers,'' and it is insisted that this omission renders nugatory the amendment made to section 1 of the act of 1913. We do not think so. It is a settled rule of construction that an act must be read in its entirety to extract its meaning, and that acts dealing with the same subject must be read *in pari materia* in construing them. The case of *State v. Handlin,* 100 Ark. 175, discussed the effect of an amendment to the inheritance tax law, the amendment being made by changing a certain section thereof, and the court said (quoting the syllabus): ''The effect of an amend-

ment of an act is to so change the act as to make it read in the same manner it would have read and to give it the same effect it would have had if it had been originally enacted as amended.''

When the act under review is thus construed, we think the legislative intent in amending section 1 of the act of 1913 is too plain to be mistaken, the purpose being to make taxable the widow's dower, or any property granted or devised in lieu of dower, and to make taxable the husband's curtesy, or any grant or bequest by a wife to her husband. The proviso that five thousand dollars of the market value of the widow's dower shall be exempt from taxation is itself a direction that the excess over that amount shall be taxed.

The act of 1909 did not attempt to tax dower. It taxed ''all property which passed by will or by the intestate laws of the State,'' and our holding in the case of *McDaniel* v. *Byrkett, supra,* was to the effect that the widow did not take dower as an heir of her husband, or by virtue of the intestate laws of the State; and the amendatory act of 1913 did not include dower. The attention of the Legislature was directed to this fact by the case of *McDaniel* v. *Byrkett,* and the Legislature, at the first session thereafter, amended the law in the particulars stated.

Section 1 of this act has a recital which is not to be overlooked in the interpretation of the amended section 1 which follows. This recital is ''that subdivision one of section 1 of act 197 of the Acts of 1913, same being an act to establish a tax on gifts, legacies, inheritances, bequests, successions, and transfers of property, be amended so as to read as follows.'' After so reciting, the General Assembly proceeded to amend that section by adding widow's dower, or property granted or devised in lieu thereof, and the husband's curtesy, with a proviso that five thousand dollars of the market value of dower or curtesy shall be exempt from taxation.

We conclude, therefore, that the legislative purpose to make dower taxable has been sufficiently expressed, although dower is not specifically designated in the section of the act dealing with "taxable transfers."

It is next insisted that the Legislature has no power to subject dower to a privilege tax, and that, if the act attempts to do so, it is, to that extent, unconstitutional and void.

We do not, of course, have to look to the Constitution for a grant of the right to impose this tax, for the State has this right, unless the Constitution has forbidden its exercise. The insistence of appellee is that § 5 of article 16 of the Constitution has denied the State this right. The relevant portions of that section of the Constitution are as follows: "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value; *provided* the General Assembly shall have power from time to time to tax hawkers, peddlers, ferries, exhibitions and privileges in such manner as may be deemed proper. * * *"

The argument is that dower is not a privilege and cannot be taxed as such; that it is a property right of the wife in the estate of her husband, which becomes vested at marriage, and cannot therefore be taxed as a privilege.

Legislation of this character is becoming general throughout the States of the Union, and many of them have legislation on the subject much older than our own; indeed, much of our law on the subject appears to have been copied from other States, and in the construction of such legislation it appears that the courts have uniformly held that these taxes are not laid upon property, but upon the privilege or right of succession to it, or, as was said by this court in the case of *State* v. *Handlin, supra*, "it is in the nature of an excise tax, and not subject to

the same tests with respect to equality and uniformity as taxes levied upon property.''

An early case on the subject, and one which is cited by many of the later cases, is that of *Mager* v. *Grima,* 49 U. S. (8 How.) 490. In that case an inheritance tax law of the State of Louisiana was upheld, and Chief Justice TANEY, for the court, said that it was nothing more than an exercise of the power inhering in any sovereignty to regulate the manner and terms upon which property, real or personal, within its dominion may be transmitted by last will and testament, and of prescribing who shall and who shall not be capable of taking it.

In the later case of *Knowlton* v. *Moore,* 178 U. S. 41, it was said: ''An inheritance tax is not one on property, but one on the succession. The right to take property by devise or descent is a creature of the law, and not a natural right—a privilege, and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; and are not precluded from this power by the provisions of the respective State Constitutions requiring uniformity and equality of taxation.'' *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283.

In the brief of counsel for the State, numerous texts and cases are cited to the effect that dower is not regarded as springing from contract, although the contract or marriage is a prerequisite to its existence, but is a right, the existence, nature and extent of which is subject to legislative control. The estate of dower appears to be as old as the common law; but so also is the right of an heir to inherit from an ancestor; and the lawmaking power possesses as plenary control over the one as it has over the other. The Legislature has the right to change the law of dower, and has done so more than once, usually by enlarging the common-law right of dower. The Legislature as certainly has the right to diminish or to abolish

dower, and, as the right to take dower is a privilege which the Legislature may give or may withhold as it pleases, it follows that, in granting the right, the Legislature may impose a tax for governmental purposes upon the exercise of the right or privilege against the person to whom it is given. 9 R. C. L. p. 563, and the annotated cases cited in the foot-note; *McNeer,* v. *McNeer,* 19 L. R. A. 256, and cases cited in the annotator's note; see also *Randall* v. *Kreiger,* 90 U. S. (23 Wall.) 137; *Griswold* v. *McGee,* 112 N. W. (Minn.) 1020; *Stitt* v. *Smith,* 102 Minn. 253; *Weaver* v. *Gregg,* 6 Ohio St. 547; 2 Bishop on the Law of Married Women, vol. 2, § 42; Cooley's Constitutional Limitations, 7th ed. pp. 512-514; *Hatcher* v. *Buford,* 60 Ark. 169; *Hewitt* v. *Cox,* 55 Ark. 225; *Smith* v. *Howell,* 53 Ark. 279; *Littell* v. *Jones,* 56 Ark. 139.

Excellent briefs have been filed by the respective counsel in this case; but we shall attempt no review of the authorities therein cited. It may be said, however, that no case has been called to our attention where the right to impose a privilege tax on the right to take dower was denied in any case where the statute expressly conferred that right.

It is finally insisted by counsel for appellee that the tax in question cannot be sustained under § 5, art. 16, of the Constitution, for the reason that the privileges there authorized to be taxed are those only which were ascertained and recognized at common law, and the case of *Washington* v. *State,* 13 Ark. 752, is cited as sustaining that view.

A similar contention was made against the imposition of a tax on gasoline, which was considered in the case of *Standard Oil Co.* v. *Brodie,* 153 Ark. 114. After holding that the word "privileges" was not to be construed, under the doctrine of *ejusdem generis,* to relate only to the subjects which preceded it, we said: "In the later case of *Baker* v. *State,* 44 Ark. 134, Chief Justice COCKRILL summarizes the effect of the ruling in the Washington case, *supra,* as follows: 'We do not understand this

case, reading it all together, to limit the power of legislation for State purposes to the taxation of such privileges as were technically known as such at the common law, notwithstanding an expression to that effect occurs in the opinion. We think the Legislature is not restrained by anything in the organic law from laying a tax on the franchise of a corporation, and the reasoning of the learned judge who delivered the opinion in Washington's case, *supra,* leads to that conclusion'."

We conclude therefore that the court below was in error in holding that the widow's right of dower was not taxable, and the judgment of the court below is reversed, and the cause remanded for further proceeding.