The position of appellant is that in arriving at the clear market value of the estate in question for inheritance tax purposes, the family allowance should not have been deducted from the gross value thereof. In support of that position we shall place before the court so much of the laws relating to a tax on inheritances and transfers as we consider pertinent and base such argument thereon as our capacity affords. [Here follows a historical review of legislation referring to inheritance taxes.] The allowance to respondent, Martha Wilson, was made upon the authority of section 10146, Revised Codes 1921. It was essentially an allowance to the widow as such, she being the only surviving member of her deceased husband's family. (In reDougherty's Estate, 34 Mont. 336, 86 P. 38; In re Blackburn'sEstate, 51 Mont. 234, 152 P. 31; In re Oppenheimer's Estate,73 Mont. 560, 238 P. 599.) An allowance of this character must be paid in preference to all other charges, except funeral charges and expenses of administration. (Sec. 10147, Id.) Section 4, Chapter 14, Laws of Extraordinary Session 1921 (sec. 10380, Rev. Codes 1921), allowed the widow an exemption of $10,000, but provided that the same should include her dower and homestead rights. Section 4, Chapter 65, Laws of 1923, allows the widow an exemption of $17,500 but provides that it shall include "all her statutory dower and other allowances." When the legislature so increased the widow's exemption from $10,000 to $17,500 it intended that she should have no further exemptions or deductions in her own right. It intended that this generous exemption should cover not only her dower rights but all her other statutory allowances. What *Page 181 
property did the legislature mean to include when, gramatically speaking, it used the expression "all her other statutory allowances"? It meant to include the things covered by sections 10144, 10145 and 10146, Revised Codes 1921; otherwise the expression is meaningless and absolutely without force. In construing a statute every word, phrase, clause or sentence employed must be considered and none shall be held meaningless, if it is possible to give effect to it. (State ex rel. Nagle v.Sullivan, 98 Mont. 425, 40 P.2d 995.) Moreover, as section 4, Chapter 65, above, is a reenactment of section 4, Chapter 14, Laws of Extraordinary Session 1921 (State ex rel. Walker v.Jones, 80 Mont. 574, 261 P. 356, 60 A.L.R. 551), in somewhat different language, it will be presumed that the legislature intended to change the old law, and the courts will give effect to the law as changed. (Nichols v. School District, 87 Mont. 181,287 P. 624; State ex rel. Public Service Com. v.Brannon, 86 Mont. 200, 283 P. 202, 67 A.L.R. 1020; State exrel. Federal Land Bank v. Hays, 86 Mont. 58, 282 P. 32.)
Subdivision 9 of section 3, Chapter 141, Laws of 1927, provides that the order determining the inheritance tax shall be substantially in the form prescribed by the State Board of Equalization. This provision has been in force continuously since the first day of April, 1921. The court will take judicial notice of the form so ordained by the State Board of Equalization. (State v. Toole, 32 Mont. 4, 79 P. 403; Grosfield v.First Nat. Bank, 73 Mont. 219, 236 P. 250; Miller Ins.Agency v. Porter, 93 Mont. 567, 20 P.2d 643.) The form corresponds closely to the requirements of subdivision 8 of section 1, Chapter 186, Laws of 1935 (subd. 8 of sec. 1, Chap. 65, Laws of 1923), and subdivision 9 of section 3, Chapter 141, Laws of 1927 (subd. 10 of section 15, Chap. 65, Laws of 1923). It contains eleven items of deduction, of which "family allowance" is not one. This constitutes a practical construction of these provisions by the State Board of Equalization over a period of more than twelve years. The contemporaneous construction placed upon a statute by the officer or board charged with the duty of administering it is entitled to great weight, and particularly *Page 182 
so where the construction has been observed and acted upon for a long period of time. (59 C.J. 1025; Miller Ins. Agency v.Porter, supra.)
As section 1, Chapter 186, Laws of 1935, section 1, Chapter 48, Laws of Extraordinary Session 1933-1934, section 4, Chapter 65, Laws of 1923, and subdivision 9 of section 3, Chapter 141, Laws of 1927, relate to the same subject they are in parimateria and should be construed together and given effect as a whole, if possible, in order to accomplish the purpose for which they were passed. (State v. Bowker, 63 Mont. 1, 205 P. 961;State v. District Court, 80 Mont. 228, 260 P. 134; State
v. Industrial Acc. Board, 94 Mont. 386, 23 P.2d 253; 59 C.J. 1042; 2 Lewis' Sutherland's Stat. Const., sec. 368.) The true meaning of any clause or provision of an Act is that which best accords with every other part and with the subject and general purpose of the Act itself. (59 C.J. 961; 2 Lewis' Sutherland's Stat. Const., sec. 348.) The paramount consideration, of course, is the ascertainment of the intention of the lawmakers from the language used. (Sec. 10520, Revised Codes 1921; McNair v. School Dist. No. 1, 87 Mont. 423,288 P. 188; 59 C.J. 948.) Section 1, Chapter 186, Laws of 1935, provides among other things that a tax shall be imposed upon any transfer of property to any person "when the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state." What is meant by this provision when considered with subdivision 8 of the same section, section 1, Chapter 48, Laws of Extraordinary Session 1933-1934, section 4, Chapter 65, Laws of 1923, and subdivision 9 of section 3, Chapter 141, Laws of 1927? Only one reasonable answer suggests itself, namely: that all property of a decedent which is left after payment of his debts, expenses of funeral and last illness, certain state, county and municipal taxes, the expenses of administration, and federal estate taxes due or paid is deemed the subject of transfer by will or by the intestate laws, as the case may be, for inheritance tax purposes, and this even though a family allowance has been granted. Any other answer would *Page 183 
flout the plain language of subdivisions 8 and 9, above, and subdivision 2 of section 4, Chapter 65, above, and thereby defeat the manifest intention of the legislature. Words, and we are now referring particularly to the provision of section 1, Chapter 186, Laws of 1935, under discussion, are to be interpreted with due regard to the subject matter of the statute and its purpose, and it may be necessary, in order to give effect to the legislative intent, to extend or restrict or modify their ordinary and usual meaning. (59 C.J. 978, 2 Lewis' Sutherland's Stat. Const., sec. 376; State v. District Court, 83 Mont. 400,272 P. 525; Montana Beer R.P. Assn. v. State Board ofEqualization, 95 Mont. 30, 25 P.2d 128; State ex rel.Freeman v. Abstracters Board of Examiners, 99 Mont. 564,45 P.2d 668; Wrathall v. Johnson, 86 Utah, 50,40 P.2d 755; People v. Pereles, 125 Cal.App. (Supp.) 787, 12 P.2d 1093.) Furthermore, in so far as there is any conflict between that provision, on the one hand, and the provisions of subdivision 8, appearing with it in the same section, subdivision 2 of section 4 of Chapter 65, and subdivision 9 of section 3 of Chapter 141, on the other hand, the latter, being last in order of arrangement, control. (State v. Tullock, 72 Mont. 482,234 P. 277; 59 C.J. 999.) Where, as here, a statute is susceptible of two interpretations, that interpretation should be adopted which gives the statute the effect evidently intended by the legislature, especially if the other would render a part of it meaningless or abortive. (59 C.J. 1003; State v. Tullock, supra; In re Petition of Cushing (Jurney v. Harlow),157 Okla. 54, 10 P.2d 271.) If the legislature had intended to exempt the widow's allowance from taxation how easy would it have been to include it among the deductible items specified in subdivision 8 of section 1 of Chapter 186, and to omit the phrase "such exemption to the widow shall include all her statutory dower and other allowances" from subdivision 2 of section 4 of Chapter 65.
The inheritance tax law of North Carolina is not as favorable to the state as ours is. Nevertheless, in Corporation Com. v.Dunn, 174 N.C. 679, 94 S.E. 481, Ann. Cas. 1918D, 1086, *Page 184 
L.R.A. 1918F, 498, the supreme court held that a widow's dower and year's allowance is subject to the tax. In Illinois an inheritance tax is imposed by law upon all transfers of property by will or by the intestate laws of the state. In People v.Forsyth, 273 Ill. 141, 112 N.E. 378, the supreme court held that a widow's award is subject to the tax. In re Stewart'sEstate, 174 Cal. 547, 163 P. 902, the supreme court of California held that under the Inheritance Tax Act of 1913 the homestead, title to which was transferred to the widow by and on the death of her husband, was liable to an inheritance tax. InState v. Boney, 156 Ark. 169, 245 S.W. 315, the supreme court of Arkansas held that a widow's dower is taxable under the inheritance tax law of that state, although not specifically designated in the section thereof dealing with taxable transfers. In view of the peculiar language of our law these cases lend strong support to the construction for which we are contending and merit the serious consideration of the court.
Our inheritance tax law of 1923 is taken largely from the inheritance tax law of Wisconsin as it existed at that time. (State v. Jones, 80 Mont. 574, 261 P. 356, 60 A.L.R. 551.) In Smith's Estate, 161 Wis. 588, 155 N.W. 109, decided December 7, 1915, the supreme court construed the law as it existed in 1913 and held that an allowance to the widow for her support out of her deceased husband's estate was not subject to an inheritance tax. In consequence of the decision, the legislature at its next session in 1917 amended subdivision 2 of section 1087-4, Statutes of Wisconsin 1911, which read: "The following exemptions from the tax, to be taken out of the first twenty-five thousand dollars, are hereby allowed: 2. Property of the clear value of ten thousand dollars transferred to the widow of the decedent, and two thousand dollars transferred to each of the other persons described in the first subdivision of section 1027-2 shall be exempt," by adding thereto the phrase "Such exemption to the widow shall include all her statutory and other allowances." (Chap. 319, Laws 1917.) Since the amendment the question has not been again raised in the supreme court of Wisconsin, although our information is that *Page 185 
the Wisconsin Tax Commission treats the widow's exemption as including all her statutory dower, homestead, and other allowances, including allowance for support during administration.
In arguing as we have we do not wish to be understood as intimating that the decision of the court in In re Blackburn'sEstate, supra, is erroneous. It, no doubt, correctly construed the Inheritance Tax Law as it stood prior to 1921; it now, however, has no value as an authority.
It is respondent's position that a family allowance paid to a widow out of her deceased husband's estate is not such an allowance as the provisions of the statute require to be included in her $17,500 widow's exemption; that the enactment of the 1923 statute did not effect a modification of the rule laid down in the Blackburn Case (51 Mont. 234, 152 P. 31), so as to render the amount of a family allowance paid to a widow out of her husband's estate no longer deductible from the gross value of the estate in arriving at the value thereof for inheritance tax purposes; and that, therefore, the lower court properly permitted respondent to deduct from the gross value of her husband's estate the $3,600 paid to respondent therefrom as a family allowance, in arriving at the clear market value of the estate for inheritance tax purposes. The language of the statute, it will be observed, confers the $17,500 exemption therein mentioned on the widow, as widow, and neither expressly nor by implication purports to confer the exemption on her in any other capacity, or by virtue of any other relationship borne by her to the decedent. It will further be observed that the language of the statute includes in the exemption only such "statutory dower and other allowances" as are made to the widow, as widow. If the allowance was made to respondent in her capacity as the widow of her deceased husband, it follows that the lower court erred in permitting respondent to deduct the amount of the allowance from the gross value of her husband's *Page 186 
estate in arriving at the clear market value of the estate for inheritance tax purposes, and that this appeal is well taken. On the other hand, if not so made, this appeal is without merit.
The family allowance was not made to the widow in her capacity as widow, but in her capacity as the family of decedent. The money allowances which may be made out of a male decedent's estate, while the same is in the process of administration, for the support and maintenance of his widow, minor children or family, are governed by the provisions of sections 10144 and 10146, Revised Codes 1921. These sections were adopted from sections 1464 and 1466 of the California Code of Civil Procedure in the year 1877. The allowance permitted by statutes such as our section 10144 and California's section 1464, "is styled the `preliminary,' or `temporary' allowance, and covers the period until letters testamentary or administration are granted and the inventory is returned." (2 Bancroft's Prob. Prac. 1306. To the same effect, see In re Cowell's Estate, 164 Cal. 636,130 P. 209; Crew v. Pratt, 119 Cal. 131, 51 P. 44; In re Lux'sEstate, 100 Cal. 593, 35 P. 341.) "Therefore upon return of the inventory such allowance automatically terminates." (2 Bancroft's Prob. Prac. 1311; In re Cowell's Estate, supra; Inre Bell's Estate, 142 Cal. 97, 75 P. 679; Crew v. Pratt, supra; In re Lux's Estate, supra.) The allowance permitted by statutes such as our section 10146 and California's section 1466 "is a more permanent matter and is `during the progress of the settlement of the estate.'" (2 Bancroft's Prob. Prac. 1307.)
In the case of In re Gould's Estate, 181 Cal. 11,183 P. 146, where before entry of a final decree of divorce the widow applied for an allowance under the provisions of the California section 1464 (sec. 10144, Revised Codes of Montana of 1921), the court said: "When a person dies leaving a widow, under section 1464 of the Code of Civil Procedure, such widow is entitled to a reasonable provision for her support to be allowed by the superior court or a judge thereof. This provision is not conditioned upon her having lived in a family relation with her husband at the time of his death." *Page 187 
In In re Estate of Noah, 73 Cal. 583, 15 P. 287, 2 Am. St. Rep. 829, one Harriet Noah and her husband entered into a separation agreement some six weeks after their marriage, and thereafter lived separate and apart until the husband's death. The widow applied for a family allowance pursuant to section 1466 of the California Code (our section 10156). The application was denied. The appellate court said that "the right to an allowance, under the section of the statute, was founded on the statute alone. `It is quite different from the right of the heir to inherit, or of the widow to her dower, or the right of one-half of the community property. It is an allowance made to the family. * * * The statute was intended to embrace those who were by law entitled, up to his death, to look to him for support and protection. * * * We also think that in enacting section 1466 of the Code of Civil Procedure, the legislature had in contemplation the ordinary case where "the parties to the marriage relation live together until death severs the tie.' * * *"
The foregoing authorities, we submit, inescapably establish the following propositions:
1. A widow is entitled to the allowance provided for by our Code section 10144, solely upon the ground that she is the widow, and whether or not she was a member of her deceased husband's family at the time of his death is immaterial. Accordingly, an allowance to a widow pursuant to section 10144, is made to her solely in her capacity as the widow of her deceased husband, and not by virtue of any other relationship borne by her to him. Hence, such an allowance must be included in the widow's $17,500 exemption within the meaning of section 4, Chapter 65, Laws of 1923, because the same is made to the widow, as the widow.
2. A widow cannot, however, qualify for the allowance permitted by section 10146 upon the ground that she is the widow. In order to be entitled to this allowance, the widow must have been a member of her deceased husband's family at the time of his death. Accordingly, an allowance made to a widow pursuant to the provisions of section 10146, is made to her in her capacity as a member of her deceased husband's family at the *Page 188 
time of his death, and not in her capacity as his widow, or by virtue of the relationship of widow borne by her to him. Hence, such an allowance is not to be included in the widow's $17,500 exemption within the meaning of section 4, Chapter 65, Laws of 1923, because the same is not made to the widow as the widow.
3. The respondent here is not only the widow of her deceased husband, but was also a member of his family at the time of his death. The $3,600 allowance, in question, was concededly made to her pursuant to our Code section 10146. It therefore follows, that the allowance was made to respondent in her capacity as a member of her deceased husband's family and not in her capacity as his widow, or by virtue of the relationship of widow borne by her to him. Accordingly, the allowance is not to be included in respondent's $17,500 widow's exemption within the meaning of the provisions of section 4, Chapter 65, Laws of 1923. And, as the amount of the allowance is not subject to inheritance tax and is deductible from the gross value of her husband's estate for inheritance tax purposes, it also follows that the lower court correctly permitted respondent to deduct the amount of the allowance from the gross value of her husband's estate in arriving at the value thereof subject to inheritance tax.
Charles Wilson, of Beaverhead county, died October 23, 1933, leaving a will disposing of an estate appraised at $97,149.80. His wife, the defendant, was made executrix under the provisions of the will and is the sole beneficiary. In due course the defendant applied to the court for, and was granted, an allowance of $300 per month under the provisions of section 10146, Revised Codes of 1921. Under such arrangement defendant was paid $3,600 out of the estate. In July, 1935, the executrix filed her final report and petitioned the court to fix the inheritance tax. In such report the executrix claimed, and the court allowed, disbursements for various expenditures incident to the administration of the estate in the amount of $17,776.75. *Page 189 
The allowance of $3,600 mentioned above was included in these disbursements approved and allowed by the court. When the matter came on for hearing in the district court to determine the amount of the clear market value of the estate upon which the inheritance tax should be computed, the State Board of Equalization contested the allowance of the $3,600. The board contended that the $3,600 allowance should be included in and made a part of the $17,500 exemption allowed the widow under subsection (2) of section 4 of Chapter 65, Laws 1923. Counsel for the defendant contended the allowance to the widow pending the administration of the estate was an amount to which defendant is entitled under the statutes and has nothing to do with an inheritance tax on property passing by will or under the intestate laws. The district court held the widow's allowance not subject to the inheritance tax laws and entered judgment accordingly. From that judgment the State Board of Equalization appealed. The only question, therefore, to be determined here is as to whether or not the widow's allowance granted by the court pursuant to the provisions of section 10146, supra, is subject to the inheritance tax.
In an endeavor to get at the legislative intent on the subject[1] of inheritance tax laws of this state, we deem it essential to review the history of the various enactments on the subject and to point out the provisions in such Acts that are pertinent to the question involved here. The first Act on the subject was House Bill No. 128, of the Fifth Session, Laws 1897 (page 83). That Act contained no specific exemptions in favor of the widow or any other particular party, but it did provide that when the estate was valued at less than $7,500 no tax should be levied on any bequest passing to the widow and certain other enumerated near relatives of the decedent. When the estate was worth over $7,500 such relatives were taxed at the rate of $1 on each $100. Any other beneficiaries who did not come within the group of near relatives named in the statute were taxed at the rate of $5 on each $100 of the estate in excess of $500. The executor or administrator of the estate was required to deduct the tax from the amount bequeathed to each beneficiary. *Page 190 
The 1897 Act was incorporated in the Revised Codes of 1907 as sections 7724 to 7751, inclusive.
With the exception of some amendments, not pertinent here, no changes were made in the law until the Extraordinary Session of 1921 enacted Chapter 14, and repealed the old law in its entirety. The 1921 law has many features of the Wisconsin law that was in effect at that time, and that law was no doubt used as at least an outline of our 1921 enactment. Prior to 1921 no specific statutory exemption had been provided in favor of the widow in computing the tax, but a provision was made in the 1921 law exempting the specific sum of $10,000 passing to the widow by will or the intestate laws. Subsection 2 of section 4 of the 1921 law, in providing for such exemption of $10,000, contained this sentence: "Exemption to the widow shall include her dower and homestead rights." In 1923, subsection (2) of section 4 was amended increasing the widow's exemption to $17,500, and changing the above-quoted provision to, "Such exemption to the widow shall include all her statutory dower and other allowances." This is the present law.
In the case of In re Blackburn's Estate, 51 Mont. 234,152 P. 31, decided September 30, 1915, eight years prior to the 1923 amendment, cited by defendant, this court said: "The only property of the deceased which it is claimed could be subject to the inheritance tax is that which `shall pass by the inheritance laws of this state'; but the effect of the orders is to tax the amounts paid and due the widow for her family allowance. Moneys paid out of an estate for family allowance do not pass by the inheritance laws of this state; they are charges against the estate created by special statutes in the interest of public policy. [Citing cases.] Again, the inheritance tax is not an imposition upon the estates of decedents; it is `a duty imposed by the state upon the right to receive property by testamentary disposition or succession, or by any deed or instrument to take effect at or after death.'" (Citing cases.) It must be kept in mind that this decision was rendered under the old law of 1897, which provided no specific exemption for the widow. *Page 191 
In 1915 the supreme court of Wisconsin in the case of Estateof Smith v. State, 161 Wis. 588, 155 N.W. 109, 110, said: "The allowance to the widow is not, first, a transfer by will or by the intestate laws of this state from any person; second, the property in question is not transferred to the widow as legatee, devisee, heir, next of kin, grantee, donee, vendee, or successor, but by order of the court acting under a statutory power and for the purpose of supporting herself and her children; third, there has been no transfer in the sense of `passing property by inheritance, descent, devise, succession, bequest, grant, deed, bargain and sale, gift or appointment.' It seems very obvious that the transaction in question here is not covered or described by any or all the words of the statutes referred to." In 1917 the legislature of that state enacted Chapter 319 changing the law relating to widows' exemption, by adding to the former law the following: "Such exemption to the widow shall include all her statutory and other allowances." It will be noted that this amendment to the Wisconsin law is, with the exception of the word "dower," in the exact wording of the amendment made in 1923 to our law. The Smith Case in 161 Wis., supra, arose out of a contention by the State Tax Commission that the family allowance was subject to the inheritance tax. We find no case where the Wisconsin law has been construed by the courts of that state since the 1917 amendment, but by reason of the amendment being made at the first succeeding session of the assembly after the decision in the Smith Case, it would appear obvious that the amendment was intended to change the law to conform with the contentions of the commission and allow no exemptions except those specifically enumerated in the inheritance tax statute of that state.
The question before us is dealt with in 37 A.L.R. beginning on page 541. The cases grouped there deal with dower and statutory substitutes, provisions in lieu of dower, statutory allowances and miscellaneous provisions. It is there stated that it is generally held that the statutory allowance for the support of the widow is not subject to an inheritance tax and cases are cited from California, Minnesota, Montana, Tennessee and Wisconsin. *Page 192 
The cases cited from Montana and Wisconsin are the Blackburn
and Smith Cases, heretofore mentioned. In searching the statutes of the other states mentioned, we find no provision in the laws of any of them similar to the Montana and Wisconsin amendments quoted. In California the present law allows the widow a $24,000 exemption from the inheritance tax. Regardless of what the law may have been in California at the time of the 1910 decision, cited in 37 A.L.R. 545 (In re Kennedy's Estate,157 Cal. 517, 108 P. 280, 29 L.R.A. (n.s.) 428), the legislature of that state in 1925 expressly provided that thereafter family allowance should be subject to the inheritance tax; and we find that the modern trend is to restrict exemptions to those specified in the inheritance tax laws, independent of any allowances referred to under other statutes, such as dower and homestead provisions. In Montana the widow is granted the very liberal allowance of $17,500, against which no inheritance tax is levied, and we believe that was all the legislature intended she should take tax free.
As was heretofore said, the decision in the case of In reBlackburn's Estate, supra, was rendered prior to the amendments of 1921 and 1923 to the Inheritance Tax Act, and in arriving at a proper determination of the controversy here we must determine what the legislature meant when it added the amendment to the law providing that "such exemption to the widow shall include all her statutory dower and other allowances." The legislature must have had some purpose in view in adding that particular provision to the Inheritance Tax Law.
In Mitchell v. Banking Corp., 95 Mont. 23,24 P.2d 124, 125, this court said, speaking through Mr. Justice Anderson:[2] "It will be presumed that the legislature in amending an existing law intended to make some change therein, and therefore the courts will endeavor to give some effect to the amendment."
It must be kept in mind that the only statutory allowances granted to the widow under any of our laws are her dower right, her homestead right, and her family allowance. The 1921 law specifically provided that the widow's dower and homestead *Page 193 
rights should be included in her exemption set out in the Inheritance Tax Law, and this, of course, prevented the widow from taking any dower or homestead exempt, as such, from the tax, if she took under the will. The 1923 Act mentioned the statutory dower and all other allowances. The widow's allowance granted by the court upon proper application and showing is a statutory allowance. It is axiomatic that any bequest, devise or allowance going to the widow or any other person taking any part of the decedent's estate, passes only by statute, and it therefore follows that the family allowance, or any other allowance, passing to one who takes any part of the decedent's estate, takes by statutory authority and receives property by virtue of the statute. The question here is thus reduced purely to one of statutory construction.
In support of the various rules applying to the different phases of statutory construction, we have confined citations to recent cases which reaffirm the rules generally accepted.
In the construction of a statute the primary duty of the court[3, 4] is to give effect to the intention of the legislature in enacting it (sec. 10520, Rev. Codes 1921; State ex rel.Carter v. Kall, 53 Mont. 162, 162 P. 385, 5 A.L.R. 1309), and every word, clause, phrase and sentence must be given effect, if possible. (State ex rel. Foot v. District Court, 77 Mont. 290,250 P. 973, 49 A.L.R. 398; In re McLure's Estate,68 Mont. 556, 220 P. 527; City of Billings v. Public ServiceCommission, 67 Mont. 29, 214 P. 608; Daley v. Torrey,71 Mont. 513, 516, 230 P. 782; Stange v. Esval, 67 Mont. 301,215 P. 807.) Statutes must be so construed that no word therein is to be considered meaningless, if such a construction can be reasonably found that will give it effect. (In re McLure'sEstate, supra; Daley v. Torrey, supra; State ex rel. Foot
v. District Court, supra; Mid-Northern Oil Co. v. Walker,65 Mont. 414, 211 P. 353; State v. Mason, 62 Mont. 180,204 P. 358; Dosen v. East Butte C. Min. Co., 78 Mont. 579,254 P. 880.) "The intention of the lawmaker is to be deduced from a view of every material part of the statute." (Hellmich v.Hellman, 276 U.S. 233, 48 Sup. Ct. 244, 245, 72 L.Ed. 544, 56 A.L.R. 379.) *Page 194 
Proper appreciation of these established rules compels the conclusion that there was some defect in the Inheritance Tax Law existing at the time the Blackburn Case was decided which the legislature intended to remedy when by the 1921 amendment it, for the first time, provided the widow should have $10,000 free from the tax and said: "Exemption to the widow shall include her dower and homestead rights." And again in 1923 when it increased the exemption to $17,500 and changed the provision of the statute just quoted to read: "Such exemption to the widow shall include all her statutory dower and other allowances." The phrase "all her statutory dower and other allowances" is comprehensive and significant, and "the power to grant a family allowance is purely and exclusively the creature of statute." (Hills v. SuperiorCourt, 207 Cal. 666, 279 P. 805, 65 A.L.R. 266.)
The husband is allowed $5,000 exempt, and the parents and each child of the decedent are each allowed $2,000, and no tax is levied upon any estate that goes to the near relatives mentioned, except such as is in excess of $25,000, and the rate of taxation is materially less when the bequest is taken by such near relatives. All such exemptions, we think, are liberal and that the obvious intent of the legislature to allow no others should be adhered to.
In the enactment of any law the legislature is presumed to proceed having in mind the existing law, and when the amendments of 1921 and 1923 were enacted the legislature must be presumed to have had in mind the effect of the decision in the BlackburnCase, supra. (25 R.C.L. 1067, sec. 291; American WoodenwareMfg. Co. v. Schorling, 96 Ohio St. 305, 117 N.E. 366, Ann.[5] Cas. 1918D, 318.) True it has been generally held that "it is a fundamental rule of statutory construction that taxing statutes must be construed strictly. (People v. Chicago Eastern Illinois Ry. Co., 314 Ill. 596, 145 N.E. 722.) In interpreting statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used or to enlarge their operations so *Page 195 
as to embrace matters not specifically pointed out. In case of doubt, they are construed most strongly against the government and in favor of the citizen," citing cases. (Majestic HouseholdUtilities Corp. v. Stratton, 353 Ill. 86, 186 N.E. 522, 525, 89 A.L.R. 852, 857.) But on the other hand it is said: "It would seem clear, however, that inheritance tax statutes should be given a reasonable and liberal interpretation with a view to effectuate the intention of the legislature, and it is undoubtedly the fact that the courts of most jurisdictions have looked upon the tax with favor and have included all gifts and successions, and all property, within its scope that the wording of the statute would warrant, and at all events the claim to an exemption under the provisions of an inheritance tax law will be strictly construed." (26 R.C.L., p. 233, sec. 206; see, also, sec. 4, Rev. Codes 1921.)
The most cogent reason, however, that leads us to the[6] conclusion that the defendant here is not entitled to take the $3,600 free from the tax, is that the Inheritance Tax Law is a special law dealing with that subject alone and controls all general rules relating to any subject covered by its provisions. A special statute controls a general statute relating to the same subject-matter. (Stadler v. City of Helena, 46 Mont. 128,127 P. 454; Daley v. Torrey, supra; Franzke v. Fergus County,76 Mont. 150, 245 P. 962; Indian Fred v. State, 36 Ariz. 48,282 P. 930; State v. White, 41 Utah, 480, 120 P. 331; In reHellier's Estate, 169 Cal. 77, 145 P. 1008; County SanitationDistrict v. Payne, 197 Cal. 448, 241 P. 264; 25 R.C.L. 929;State v. Preston, 103 Or. 631, 206 P. 304, 23 A.L.R. 414; Ahern
v. Livermore Union High School District, 208 Cal. 770,284 P. 1105; Wulf v. Fitzpatrick, 124 Kan. 642, 261 P. 838.) A special[7] statute covering a particular subject-matter must be read as an exception to the statute covering the same and other subjects in general terms. (State ex rel. Special Road District v. Millis,81 Mont. 86, 261 P. 885; Western Southern Indemnity Co. v.Chicago Title Trust Co., 128 Ohio St. 422, 191 N.E. 462.) Where special and general *Page 196 
statutes relate to the same subject-matter, the special Act will prevail as far as the particular subject-matter comes within its provisions. (State ex rel. McDowell, Inc., v. Smith, 334 Mo. 653,67 S.W.2d 50; United States v. Hess, (C.C.A.) 71 F.2d[8] 78.) "The general design and purpose of the law is to be kept in view and the statute given a fair and reasonable construction with a view to effecting its purpose and object, even if it be necessary, in doing so, to restrict somewhat the force of subsidiary provisions that otherwise would conflict with the paramount intent." (25 R.C.L., p. 1013, sec. 253; Bowers v.Smith, 111 Mo. 45, 20 S.W. 101, 33 Am. St. Rep. 491, 16 L.R.A. 754.)
The Inheritance Tax Act is a special Act enacted for the purpose of establishing a tax in matters of inheritance, bequests, and devises. (Title of Chapter 65, Laws 1923.) The statutes relating to widow and family allowances (secs. 10144 to 10150, Rev. Codes 1921) are special statutes dealing with that particular subject. Each of these separate provisions of the statutes is special as to the matters to which they, respectively, relate, but they are general as to each other so[9] far as they relate to the questions involved here. It must be presumed that when the legislature enacted the Inheritance Tax Law it intended to provide an Act complete within itself for all purposes necessary to determine the persons to be taxed, the exemptions to be allowed, the rate of the tax, and all other essentials, and when it was provided by subsection (8) of section 1 of Chapter 65, Laws 1923, that in arriving at the clear market value of the decedent's estate passing to each person, etc., "the following deductions, and no other shall be allowed: debts of the decedent owing at the date of death, expenses of funeral and last illness, all state, county and municipal taxes which are a lien against property situated in this State at the date of death, the ordinary expenses of administration, including the commissions and fees of executors and administrators and their attorneys actually allowed and paid, and Federal estate taxes due or paid," and when it provided *Page 197 
by subsection (2) of section 4 of the same Act that an allowance to the widow of $17,500 shall be exempt from the tax, and that "such exemption to the widow shall include all her statutory dower and other allowances," we think it is clearly obvious that no other deductions or exemptions should be allowed. The Act itself must be construed as a full and complete plan without reference to any other provisions of the statutes.
To support the contention of the defendant we would have to go back and adopt the rule laid down in the Blackburn Case, supra, and by doing so we would nullify and utterly disregard the 1921 and 1923 amendments to the Inheritance Act heretofore mentioned. True, plausibility is given to the contention of the defendant that the widow does not take family allowance by will or the intestate laws, but, in addition to what has already been said, this contention is fully and forcibly met by this court inCruse v. Fischl, 55 Mont. 258, 175 P. 878, 880, where it[10] was said: "Taxation is the rule and exemption the exception. * * * The taxing power of the state is never presumed to be relinquished unless the intention to relinquish is expressed in clear and unambiguous terms. * * * Every claim for exemption * * * should be denied unless the exemption is granted so clearly as to leave no room for any fair doubt. * * * Our Bill of Rights guarantees to every one the protection of his property, but this protection carries with it the corresponding obligation to support the government which affords the protection. An exemption from taxation is a release from this obligation, and anyone who seeks the immunity must show that his property belongs to a class which is specifically exempt."
It has been suggested that the 1921 and 1923 amendments to the[11] inheritance tax laws heretofore quoted are not amendments in fact, but that the old Acts were repealed and new Acts placed on the statute books to replace the old. It is true that the 1897 Act was repealed when the 1921 law was enacted, and the 1921 law was repealed when the 1923 law *Page 198 
was enacted, but much of the law in force under the previous Acts was carried forward and incorporated in the new Act, and it is a rule of statutory construction, universally applied, that if a section of a statute be amended, such part of the old as is retained and carried forward into the amended section is not new, but is construed to have been the law at all times since it was first enacted. The rule is cited in State ex rel. Henderson v.Dawson County, 87 Mont. 122, 286 P. 1265, and Snidow v.Montana Home for the Aged, 88 Mont. 337, 292 P. 722, 725. In the Henderson Case, 87 Mont. 122, at page 140, 286 P. 125,131, this court said: "In so far as the subject under consideration is concerned, the Act of 1929 supersedes section 4614 as amended, and, where a section or a part of a section is amended, it is not to be considered as having been repealed and re-enacted in its amended form, but the portions which are not altered are to be considered as having been the law from the time when they were enacted." In Snidow v. Montana Home for theAged, supra, it was said: "The re-enactment of a statute does not affect its meaning or enlarge its scope, in the absence of clearly ascertainable legislative intent to the contrary. * * * When existing statutes are re-enacted the effect is merely to continue them in force in their original sense." If the rule applies to a section of the law, there can be no logical reason why it may not be applied with equal force to an Act. Many of the provisions of the old 1897 Act were incorporated in the 1921 Act, and a still greater part of the 1921 Act was carried forward into the 1923 law, which is the one under consideration; and under the rule of construction mentioned those parts of the 1921 and 1923 Acts heretofore quoted as applying to the widow's exemptions are, in fact, amendments irrespective of the fact that they now appear in our statutes as parts of a new Act. It is further said inState ex rel. Public Service Commission v. Brannon, 86 Mont. 200,283 P. 202, 67 A.L.R. 1020, that, "where a new law is enacted to take the place of the old, a change in the phraseology raises a presumption that a departure from the old law was intended." *Page 199 
In applying this rule, we think our conclusions as to the[12] widow's exemptions are inescapable. It must be remembered that "the judicial tribunals of the state have no concern with the policy of legislation. That is a matter resting altogether within the discretion of another coordinate branch of the government. The judicial power cannot legitimately question the policy, or refuse to sanction the provisions, of any law, not inconsistent with the fundamental law of the state." (Mills v.State Board of Equalization, 97 Mont. 13, 33 P.2d 563,568.)
The judgment is reversed and the cause remanded to the district court, with instructions to enter judgment in accordance with this decision.
MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICE MATTHEWS concur.