ANDERSON, RESPONDENT, *v.* SUNBURST OIL & REFINING CO., APPELLANT.

(No. 6,721.)

(Submitted December 16, 1930. Decided January 30, 1931.)

[296 Pac. 1108.]

*Mr. Homer G. Murphy* and *Messrs. Hurd, Hall & McCabe,* for Appellant, submitted a brief; *Mr. E. J. McCabe* argued the cause orally.

*Mr. Henry McClernan* and *Mr. Louis P. Donovan,* for Respondent, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of plaintiff on a directed verdict in the sum of $1,055.93, with interest.

The record discloses that plaintiff owns certain lands in Toole county. In 1920 he leased them to Gordon Campbell for the purpose of operating for oil and gas, Campbell agreeing to deliver to plaintiff 12½% of all oil produced, or to pay in cash 12½% of the market value of the oil. Thereafter, and in 1922, Campbell assigned the lease to defendant. Plaintiff, in June, 1923, sold 2½% of the oil and gas and during the time involved here was the owner and entitled to receive 10% of the oil, or its value. Plaintiff elected to receive his royalty in cash.

In 1927 defendant withheld from plaintiff's share of royalty in that year the sum of $1,055.93, claiming the right to do so by reason of Chapter 140, Laws of 1927, in order to pay the tax accruing in 1927, based upon the product yielded to plaintiff's royalty interest during the year 1926. The right of defendant to withhold this sum is the only question presented on the appeal.

The same question, under identical facts, was before this ▉ court in the case of *Byrne* v. *Fulton Oil Co.*, 85 Mont. 329, 278 Pac. 514. It was there held that the operator is not entitled to withhold from the 1927 royalty any sum with which to meet the taxes accruing that year and based upon proceeds yielded in 1926. The majority of the Justices participating in that decision were of the view that such an interpretation of Chapter 140 would give it a retroactive operation contrary to

section 3, Revised Codes 1921, which commands that "no law contained in any of the Codes or other statutes of Montana is retroactive unless expressly so declared." That case is decisive of this in favor of the judgment. Examination of the opinion in the Byrne case will disclose that the writer of this opinion, as well as Mr. Justice Ford, disagreed with the majority on the point here considered. We are still of the same view as therein stated, and join in an affirmance of the judgment in this case solely on the ground of *stare decisis*.

The question as to who is liable for the tax accruing in 1927 on the proceeds yielded to the royalty interest of plaintiff in 1926, under the rule announced in *Homestake Exploration Corp.* v. *Schoregge*, 81 Mont. 604, 264 Pac. 388, and *Fulton Oil Co.* v. *Toole County*, 86 Mont. 367, 283 Pac. 769, is not involved here.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Matthews concur.

---

On Motion for Rehearing.

(Decided March 23, 1931.)

PER CURIAM: The motion for rehearing is denied; in this all Justices concur, Mr. Justice Galen concurring specially, as follows:

I agree with the conclusion reached by the majority in this opinion and that a rehearing be denied, with the understanding that it is the tax due on the 1926 royalty which is involved. Reference to our records in the case of *Byrne* v. *Fulton Oil Co.*, 85 Mont. 329, 278 Pac. 514, held to be controlling here, shows that upon a rehearing in that case the single question submitted for re-argument was whether

"Chapter 140, Laws of 1927, be held to have retroactive effect? In other words, may the Act be so construed as to justify the operator in retaining sufficient money from the royalties yielded in 1927 to meet the taxes due from the royalty holder on account of royalties yielded to him in 1926, and payable in 1927?"

I am satisfied with the negative holding of the majority in answer to the question submitted, since to hold otherwise, would make the statute retroactive. Deliberations concerning our former holdings in application of Chapter 140, Laws of 1927, have prompted me to clarify my views respecting the majority opinion on rehearing in the case of *Byrne* v. *Fulton Oil Co.*, held to be here controlling.