FORBES, APPELLANT, *v.* MID-NORTHERN OIL CO., RESPONDENT.

(No. 6,754.)

(Submitted May 8, 1931. Decided September 11, 1931.)

[2 Pac. (2d) 1018.]

*Messrs. Belden & DeKalb,* for Appellant, submitted an original and a reply brief; *Mr. H. Leonard DeKalb* argued the cause orally.

*Mr. Donald Campbell,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

In this cause the defendant in 1927, being the operator of certain oil-wells, withheld out of the money due to plaintiff under an instrument designated "Assignment of Royalty," money for the purpose of paying the net income tax upon the royalty yielded to plaintiff upon his alleged royalty interest during the calendar year of 1926, claiming the right to do so by virtue of the provisions of Chapter 140, Session Laws of 1927. The plaintiff brought suit to recover the amount so withheld. Issues were joined and the cause was submitted to the court upon an agreed statement of facts. It is agreed that the taxes amounting to the sum of $1,675.33 have been paid by the defendant, and that all moneys withheld over and above the amount actually paid in taxes have been refunded to plaintiff. Judgment was entered in favor of defendant, and plaintiff has appealed.

The arguments of counsel were, and the very thorough and exhaustive briefs in this cause are, devoted almost entirely to the question as to whether or not a royalty interest is held by plaintiff by virtue of the contracts entered into between plaintiffs and others with the defendant; but under the view we take, that question is unimportant. In the case of *Byrne* v. *Fulton Oil Co.*, 85 Mont. 329, 278 Pac. 514, 518, the court says: "Section 3, Revised Codes of 1921, provides: 'No law contained in any of the Codes or other statutes of Montana is retroactive unless expressly so declared.' A majority of the court are of the opinion that Chapter 140, since it is not expressly retroactive, and since section 3, supra, is a rule of construction binding upon the court, can have no operation as to royalties accruing prior to January 1, 1927; * * * under the view of the majority of the court, Chapter 140 furnishes no justification for withholding from the royalty

due to the plaintiff in the year 1927 any taxes due on royalties received by plaintiff during the year 1926.''

In the case of *Anderson* v. *Sunburst Oil & Ref. Co.*, 89 Mont. 175, 296 Pac. 1108, it was again held that the operator is not entitled to withhold from the 1927 royalty any sum with which to meet the taxes accruing that year and based upon proceeds yielded in 1926.

In accordance with the foregoing authorities, the judgment is reversed, and the cause remanded with instructions to set the same aside and enter judgment for plaintiff in accordance herewith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.