GALLATIN FARMERS CO., APPELLANT, *v.* SHANNON, STATE TREASURER, ET AL., RESPONDENTS.

(No. 7,931.)

(Submitted May 22, 1939. Decided July 24, 1939.)

[93 Pac. (2d) 953.]

*Mr. J. M. Stotesbury,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. John A. Matthews,* for Respondents, submitted a brief; *Mr. Ralph J. Anderson,* Counsel for Respondent State Board of Equalization, submitted a supplemental brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action brought to recover corporation license taxes paid under protest for the years 1935 and 1936. The cause was tried on an agreed statement of facts.

In its license tax return for the year 1935 plaintiff in computing its net income claimed an allowable deduction in the sum of $10,435.68, paid as "uniform dividends upon purchases of patrons"; it claimed a like deduction for the year 1936 in the sum of $22,000, and also claimed an additional allowance for the year of $1,132, for a six per cent. dividend on the paid-up capital stock pursuant to the provisions of section 6387, Revised Codes. By making the deduction of $10,435.68 in 1935, a net operating loss was shown; and by the deductions in 1936 of $22,000 and $1,132, plaintiff reported a net operating income subject to tax of only $310.64. The State Board of Equalization refused to recognize the legality of such deductions, and demanded additional taxes for the years 1935 and 1936 in the sum of $888.95. This sum was paid under protest and this action was brought to recover it.

These facts present for consideration two questions: (1) May a co-operative association, organized under section 6375 et seq., Revised Codes, in computing its net income for license tax purposes, make a deduction of dividends paid on the capital stock outstanding? (2) May it deduct amounts paid for the years in question as "uniform dividends upon the amount of purchases of patrons"? The district court answered both questions in the negative and entered judgment for defendants. Plaintiff has appealed from the judgment.

The applicable statutes are section 6387, Revised Codes, reading: "The directors of a co-operative association, subject to revision by the stockholders at a general or special meeting may apportion the earnings of the association by first paying dividends on the paid up capital stock, not exceeding six per cent. (6%) per annum on the par value thereof, from the remaining funds, if any, accessible for dividend purposes, not less than five per cent. (5%) of the net profits for a reserve fund until an amount has accumulated in said reserve fund amounting to thirty per cent. (30%) of the paid up capital stock, and from the balance, if any, five per cent. (5%) for educational fund to be used for teaching co-operation, and the remaining of said profits, if any, by uniform dividends upon

the amount of purchases of patrons and upon the wages and for salaries of employees, the amount of such uniform dividends on the amount of their purchases, which may be credited to the account of such patrons on account of capital stock of the association; but in production association such as creameries, canneries, elevators, factories, and the like, dividends shall be on raw material delivered instead of on goods purchased. In case the association is both a selling and a productive concern, the dividends may be on both raw material delivered and on goods purchased by patrons.'' And that part of section 2297, reading:

''In computing net income the following deductions shall be allowed from the gross income received by such corporation within the year from all sources; First. All the ordinary and necessary expenses paid within the year in the maintenance and operation * * * including * * * salaries * * * rentals * * * .

''Second. All losses actually sustained * * * wear and tear * * * .

''Fourth. The amount of interest paid * * * on its indebtedness incurred in the operation of the business * * * .

''Fifth. Taxes paid within the year * * * .

The court's conclusion that the amount of dividends paid on capital stock outstanding is not a proper deduction was correct. It is not an expense of the corporation within the meaning of section 2297. It represents dividends paid out of net income of the corporation, and was apportioned among its stockholders. It is not the same as interest paid on indebtedness, as contended by plaintiff.

The court's conclusion that patronage dividends are not deductible was erroneous. They are in no sense profits of the corporation that redound to the benefit of its stockholders. Patronage dividends are not distributed on the basis of stockownership, but to patrons on the basis of patronage. Though the patrons be also stockholders, the allocation or distribution is not made on the basis of stockownership but on the amount of patronage given to the corporation.

A case very similar to that here is that of *Uniform Printing & Supply Co.* v. *Commissioner of Internal Revenue,* (7th Cir.) 88 Fed. (2d) 75, 76, 109 A. L. R. 966. There distribution of the surplus earnings of the corporation was to its customers in the proportion that the gross amount of business furnished by any customer bears to the gross amount of business done by the company. The court held that this amounted to a refund or rebate to customers, rather than a dividend, and not to be part of its taxable income. In discussing the point the court said: "Had the taxpayer given a customer (whether stockholder or outsider) a discount promptly after filling the order, no one would call it a dividend. If a rebate were given promptly upon the customer's business reaching a certain volume, the same conclusion as to its character would follow. To make cost estimates and adjust them at or near the end of each year returning the excess payment to the customer should not change the reasoning which leads to this conclusion. Nor should the fact that the customer is a stockholder materially affect the result. Perhaps a single refund coming at the end of each year would lessen the irresistibility of the inferences, but the conclusion would still fit the facts better than one founded on a dividend assumption. It is true the taxpayer is not a non-profit corporation in a legal sense. It is subject to a tax upon the profits by it made. Nevertheless, net profits in its case must depend upon the facts. Payment to the customers, who are also taxpayers, of sums called refunds based upon the volume of business transacted and in no way dependent upon stock ownership, is the determinative factor. Considering all the facts we conclude that the payments in issue were made as refunds rather than as dividends to stockholding customers."

On first reading it might appear that the case of *Storen* v. *Jasper County Farm Bureau Co-operative Assn., Inc.,* 103 Ind. App. 77, 2 N. E. (2d) 432, took the opposite view. However, that case is distinguishable because the statute involved in that case imposed the tax on the gross income of the corporation, and the term "gross income" was defined in such

terms as to include all gross receipts. A different rule would, of course, obtain if the distribution of the surplus were made to stockholders in proportion to the amount of the stock owned. (*The Fraser Valley Milk Producers' Assn.* v. *The Minister of National Revenue* (Can.), 1929, S. C. R. 435; *Cliffs Chemical Co.* v. *Wisconsin Tax Com.*, 193 Wis. 295, 214 N. W. 447.)

Here, under section 6387, the earnings of the corporation, ▮ unless otherwise provided by the stockholders at a general or special meeting, are distributed as follows: (1) Dividends on capital stock, limited to six per cent.; (2) not less than five per cent. for a reserve fund until that fund amounts to thirty per cent. of the paid-up capital stock; (3) five per cent. for educational fund for teaching co-operation; (4) the remainder of the profits, if any, by uniform dividends upon the amount of purchases of patrons.

It is true that section 6387 refers to net profits, but when that section is read in its entirety, the words "net profits" as there used, simply signify that part of the association's gross receipts remaining after operating expenses are paid. This is made apparent by the fact that this and the following section use the terms "net profits," "profits," "net earnings," "funds," and "earnings," indiscriminately as meaning the same thing.

Section 6387 has nothing to do with the subject of taxation. It simply specifies how the receipts of the co-operative association must be distributed. It is apparent that under that section everything received by the operations of the company remaining after the specific allowances under subdivisions 1 to 3 have been cared for, must be paid out as patronage dividends, or as rebates or refunds. The obligation of the corporation to make this distribution is just as imperative as is the obligation to pay its ordinary current expenses. It is a "necessary" expense of the corporation within the meaning of subdivision 1 of section 2297, and is, therefore, deductible from its gross receipts in determining its net income upon which it must pay a license tax. Such is the uniform holding of

the United States Board of Tax Appeals. (*Appeal of Central Consumers Wine & Liquor Co.*, 1 B. T. A. 1190; *Appeal of the Trego County Co-op. Assn.*, 6 B. T. A. 1275; *Home Builders Shipping Assn.* v. *Commissioner of Internal Revenue*, 8 B. T. A. 903; *Anamosa Farmers Creamery Co.* v. *Commissioner of Internal Revenue*, 13 B. T. A. 907.)

It is worthy of note, too, that under section 6387 the remaining assets after items 1, 2 and 3 are cared for, are distributable ''by uniform dividends upon the amount of purchases of patrons and upon the wages and for salaries of employees.'' Certainly, that which goes for wages and salaries is a necessary expense of the corporation, and the inclusion of patronage dividends with wages and salaries in section 6387, shows the plain legislative intent that what is distributed to patrons as a rebate or refund should also be treated as an ordinary and necessary corporate expense within the meaning of section 2297.

The court was in error in not allowing these items as deductions. The judgment is reversed and the cause remanded to the district court with direction to enter judgment for plaintiff in an amount to be computed in accordance with the views herein stated.

MR. JUSTICE ERICKSON concurs.

MR. CHIEF JUSTICE JOHNSON:

I concur. Virtually the sole reason for the existence of co-operative associations is the saving to their members and patrons which is expressed through patronage dividends. Except for limited authorized application to dividends on capital stock and the establishment of a reserve fund and an educational fund, any and all excess of receipts over the usual operating outlays is mandatorily required paid on patrons' purchases and employees' wages and salaries. Certainly these patronage dividends comprise ordinary and necessary expenses of co-operative associations.

162

MR. JUSTICE MORRIS:

I dissent. The taxes imposed that give rise to this controversy were imposed pursuant to the provisions of the Corporation License Tax Act, Chapter 205, comprising sections 2296 to 2304 of the Revised Codes. It is a special Act relating to that particular subject, and provides no such exemption as that claimed by the plaintiff and allowed by the majority in reversing the district court. Chapter 204, comprising sections 2295.1 to 2295.34, inclusive, is the Income Tax Act, and that Act carries an express exemption by which such concerns as the plaintiff are exempted from income taxes; and by Chapter 92 of the 1937 Session Laws, practically the identical exemption provision in the Income Tax Act was, by way of amendment to Chapter 205, added to the Corporation License Tax Act, so that at the present time the plaintiff is entitled to such exemptions as are here claimed, but was not so entitled for the years 1935 and 1936. The only manner by which plaintiff could be held to have the right to the exemptions provided by the 1937 amendment would be to make such amendment retroactive, and that, in effect, is what the opinion of the majority does and, in doing so, disregards a plain statutory provision, since only the legislature has the power to make a legislative Act retroactive.

"No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared." (Sec. 3, Rev. Codes; *Byrne* v. *Fulton Oil Co.*, 85 Mont. 329, 336, 278 Pac. 514; *Anderson* v. *Sunburst Oil Co.*, 89 Mont. 175, 296 Pac. 1108; *Forbes* v. *Mid-Northern Oil Co.*, 90 Mont. 297, 2 Pac. (2d) 1018; *State ex rel. Whitlock* v. *State Board of Equalization*, 100 Mont. 72, 45 Pac. (2d) 684.) The legislature by the 1937 amendment to section 2296 did not expressly make the amendment retroactive so as to exempt plaintiff from the taxes already accrued, and the majority opinion in its attempt to do so clearly invades the functions of the legislative branch of the state government.

Strangely enough the majority in construing the Corporation License Tax Act cite only authorities that relate to controversies which have arisen under Income Tax laws. The case of *Uniform Printing & Supply Co.* v. *Commissioner of Int. Revenue,* and all the cases cited from the reports of the United States Board of Tax Appeals arose under the Income Tax laws. In fact there is no such federal Act as our Corporation License Tax Act and the federal government imposes no such tax.

When a special Act deals fully with the matters to which it relates, its provisions govern to the exclusion of all other Acts. (*In re Wilson's Estate,* 102 Mont. 178, 56 Pac. (2d) 733, 105 A. L. R. 367, and cases cited.) Section 6387 relates only indirectly to the subject under consideration and is not an authority on exemptions provided for by the Corporation License Tax Act.

The judgment should be affirmed.

MR. JUSTICE STEWART:

I concur in the above dissenting opinion of MR. JUSTICE MORRIS.

Rehearing denied September 26, 1939, MR. JUSTICE MORRIS dissenting.