### 40858. BESSEMER AUTO PARTS, INC. v. STATE REVENUE COMMISSIONER.

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED
OCTOBER 20, 1964.

*Herbert H. Cheek,* for plaintiff in error.

*Eugene Cook, Attorney General, John A. Blackmon, Assistant Attorney General,* contra.

RUSSELL, Judge. We agree with the contention of the plaintiff in error that the appeal is good. In deciding what is net income to the partnership the rules applicable to an individual taxpayer control. *Code* § 92-3104. Net income means the gross income of the taxpayer less the deductions allowed by law, one of which is the ordinary and necessary expenses paid or incurred during the taxable year in carrying on the trade or business. *Code* §§ 92-3108, 92-3109 (a). "A refund given to a customer in the year in which an order for goods is filled is not part of the giver's taxable income." Fairbanks, Morse & Co. v. Harvey, 114 Vt. 425, 434 (47 A2d 123). The question most usually arises in regard to patronage dividends distributed by coopera-

tive associations, as to which there is statutory authorization in the U. S. Internal Revenue Code, which is not in more than the most general way relevant to this decision. "Patronage dividends" is a term that has been loosely used to cover a variety of situations—for example, it may be payable to the member on the basis of his proportionate interest in the organization rather than on the proportionate amount of his purchases to total sales for the year; it may be payable to all customers of the organization regardless of whether they are stockholders, members or partners or merely members of the purchasing public; it may be payable to some members but not others, or the percentage of refund may be more as to certain classes of members than to others. None of those situations obtains here. Under the allegations of the appeal, the amount of rebate due the purchasing partner is a fixed liability of the partnership at the time of purchase and is so entered on its books, subject only to determination of operating expenses to be charged against it; only partners are eligible for the rebate; the rebate is made during the year of purchase, and the amount of rebate is mathematically proportioned to the amount of purchase made by the partner. As to such a situation, Farmers Cooperative Co. v. Birmingham, Collector of Internal Rev., 86 FSupp. 201, holding that the refund was not net income to the cooperative, stated: "Under the Treasury Department rulings referred to and set out above, a number of conditions must be met before that Department will regard the amount allocated or distributed by a cooperative as a patronage dividend excludable from the cooperative's gross income. So far as pertinent to the present case those conditions are: 1. That the cooperative must have been under a pre-existing obligation to allocate a patronage dividend in the amount that was allocated or distributed. 2. That the patronage dividend allocated to member patrons shall not include profits realized from transactions with non-members." The court reached its decision in part by comparing the situation of its appellant cooperative to that of a partnership, the situation here, as follows: "A close analogy can be drawn between the tax positions of partnerships and true cooperatives which distribute all their net earnings to all their patrons in proportion to the

business each has transacted and which qualify as tax-exempt for federal income tax purposes. In each case only one tax may be paid. The partnership is not a taxable entity . . . but the partner is required to include his share of partnership income in his personal return whether such income is distributed to him or not. . . In a sense, therefore, both the partnership and the true cooperative are regarded as tax accounting rather than taxable entities."

However, due to the fact that this taxpayer is a nonresident, we must make the further determination as to whether the patronage rebate is really a discount on the purchase price of goods or is in effect as contended a distribution of profits. The question was resolved in Gallatin Farmers Co. v. Shannon, 109 Mont. 155 (93 P2d 953) by holding that where the obligation of the organization to pay back to its member-customers exists in proportion to the amount of their purchases, such obligation to make this distribution "is just as imperative as is the obligation to pay its ordinary current expenses. It is a 'necessary' expense of the corporation . . . and is, therefore, deductible from its gross receipts in determining its new income upon which it must pay a license tax." Id. p. 160. A contrary conclusion in Peoples Gin Co. v. Commissioner, 118 F2d 72, 73 rested on a determination of when the obligation to pay or refund accrued. "This case is different from the cases relied upon by the petitioner. In those cases where the deduction was allowed the obligation to make rebates or refunds was in existence before the profits were earned." In Houck v. Birmingham, 217 Ark. 449, 453 (230 SW2d 952) the court decided in favor of the taxpayer on the ground that "such payments are in reality refunds or rebates which reduce the cost of ginning to both the appellant and the appellees and thereby increase the net proceeds of the sale of the cotton. . . The Planters Cooperative pays no income tax because of the manner of distribution of its net earnings to customers in the form of patronage payments. These payments are not dividends similar to income from ordinary stock investments, but are refunds, or rebates, due all customers of the cooperative regardless of stock ownership. The making of such payments results in a refixing and reduction of

the original charge for ginning and a corresponding increase in the net proceeds derived from the sale of the cotton."

Nor does the fact that the entities dealt with above were co-operatives alter the result. In the leading case, Uniform Printing & Supply Co. v. Comm. of Int. Rev., 88 F2d 75, 109 ALR 966, a proportionate amount was returned at the end of the year to stockholders of a corporation based upon their purchases during the year, figured on a cost-plus basis, and paid out in accordance with the bylaws of the corporation. The court held: "Payment to the customers who are also taxpayers, of sums called refunds based upon the volume of business transacted and in no way dependent upon stock ownership is the determinative factor. . . Considering all the facts we conclude that the payments in issue were made as refund rather than as dividends to stockholding customers."

The defendant in error contends, at least by implication, that the appeal construed against the movant does not contain facts sufficient to establish that the partnership was under a duty to grant a proportionate refund to its member partners, and that the actual refund or discount so construed was inferentially a bonus or a gratuity made for the purpose of evading the income tax laws. Had the defendant in error desired more information on this issue it might undoubtedly have obtained it by means of special demurrer, but, as against a mere general demurrer to the appeal, we think it sufficiently appears that the payment was an obligation rather than a gratuity. Undoubtedly the reduction in price through volume purchasing was the primary incentive to the jobber-partners to go into the venture; further, the fact that the State is suing for a five-year period indicates a sustained policy. From the fact that the amount of rebate is noted in the partnership books at the time each purchase is made it appears that this rebate was a fixed liability of the partnership. Under these circumstances the taxpayer should have a right to present evidence to sustain its position.

The judge of the superior court erred in sustaining the general demurrer to the appeal.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*